J-S60020-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MARK G. REYNOLDS | |
| Appellant | No. 477 MDA 2014 |

Appeal from the Judgment of Sentence January 3, 2014
In the Court of Common Pleas of Luzerne County
Criminal Division at Nos: CP-40-CR-0000335-2013, and
CP-40-CR-0000856-2013

BEFORE:  OTT, STABILE, and JENKINS, JJ.

MEMORANDUM BY STABILE, J.:                **FILED DECEMBER 08, 2014**

Appellant Mark G. Reynolds appeals the Court of Common Pleas of Luzerne County's (trial court) January 3, 2014 judgment of sentence. Appellant's counsel has filed a petition to withdraw, alleging that this appeal is wholly frivolous, and filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  For the reasons set forth below, we affirm and grant the petition to withdraw.

The facts and procedural history underlying this appeal are undisputed.  Briefly, on November 18, 2013, Appellant pled guilty to theft by deception (18 Pa.C.S.A. § 3922(a)(3)) at docket number 335 and to two counts of terroristic threats with intent to terrorize (18 Pa.C.S.A. § 2706(a)(1)) and resisting arrest (18 Pa.C.S.A. § 5104) at docket number

856. On January 3, 2014, the trial court sentenced Appellant to thirteen to thirty months' incarceration in a state correctional institution for his convictions for theft by deception, and the two counts of terroristic threats. The trial court also sentenced Appellant to nine to eighteen months' imprisonment for the resisting arrest conviction. The court ordered the sentences to run concurrently.

On January 13, 2014, Appellant filed a motion to modify his sentence, requesting that he be permitted to serve his sentence at the Luzerne County Correctional Facility (county facility). The trial court denied the motion on January 16, 2014. Appellant appealed to this Court.

Following Appellant's filing of a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, in which he argued that the trial court abused its discretion in refusing to allow him to serve his sentence at the county facility, the trial court issued a Pa.R.A.P. 1925(a) opinion on April 17, 2014. In its Rule 1925(a) opinion, the trial court concluded that Appellant's challenge to the discretionary aspects of the sentence imposed was meritless. Specifically, the trial court concluded that Appellant failed to raise a substantial question.

On July 10, 2014, Appellant's counsel filed a motion to withdraw as counsel and filed an **Anders** brief, wherein counsel raises a single issue for our review: "Whether the [t]rial [c]ourt abused its discretion in sentencing [Appellant]." **Anders**/**Santiago** Brief at 1.

When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first examining counsel's petition to withdraw. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). It is well-established that, in requesting a withdrawal, counsel must satisfy the following procedural requirements: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) provide a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel, proceed *pro se* or raise additional arguments that the defendant considers worthy of the court's addition. **Commonwealth v. Lilley**, 978 A.2d 995, 997 (Pa. Super. 2009).

Instantly, counsel's petition to withdraw from representation provides that counsel reviewed the record and concluded that the appeal is frivolous. Furthermore, counsel notified Appellant that he was seeking permission to withdraw and provided Appellant with copies of the petition to withdraw and his **Anders** brief. Counsel also advised Appellant of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention. Accordingly, we conclude that counsel has satisfied the procedural requirements of **Anders**.

We next must determine whether counsel's **Anders** brief complies with the substantive requirements of **Santiago**, wherein our Supreme Court held:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. Here, our review of counsel's brief indicates that he has complied with the briefing requirements of **Santiago**. We, therefore, conclude that counsel has satisfied the minimum requirements of **Anders**/**Santiago**.

Once counsel has met his obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Santiago**, 978 A.2d at 355 n.5. Thus, we now turn to the merits of Appellant's appeal.

Appellant essentially argues that the trial court abused its discretion in requiring him to serve his sentence at a state correctional institution, instead of the county facility.

It is well-settled that "[t]he right to appeal a discretionary aspect of sentence is not absolute." **Commonwealth v. Dunphy**, 20 A.3d 1215, 1220 (Pa. Super. 2011). Rather, where an appellant challenges the discretionary aspects of a sentence, an appellant's appeal should be considered as a petition for allowance of appeal. **Commonwealth v.**

***W.H.M.***, 932 A.2d 155, 162 (Pa. Super. 2007). As we stated in ***Commonwealth v. Moury***, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Id.*** at 170 (citing ***Commonwealth v. Evans***, 901 A.2d 528 (Pa. Super. 2006)). Whether a particular issue constitutes a substantial question about the appropriateness of sentence is a question to be evaluated on a case-by-case basis. ***See Commonwealth v. Kenner***, 784 A.2d 808, 811 (Pa. Super. 2001), ***appeal denied***, 796 A.2d 979 (Pa. 2002).

Here, Appellant has satisfied the first two requirements of the four-part ***Moury*** test. Appellant filed a timely appeal to this Court, and preserved the issue on appeal through his motion to modify the sentence imposed. Appellant, however, has failed to meet the third prong, because he failed to include a Pa.R.A.P. 2119(f) statement in his brief.[1] Nonetheless,

---

[1] Rule 2119(f) provides that "[a]n appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." Pa.R.A.P. 2119(f).

"[a] failure to include the Rule 2119(f) statement does not automatically waive an appellant's argument," unless the appellee, *i.e.*, the Commonwealth, objects to such omission. ***Commonwealth v. Roser***, 914 A.2d 447, 457 (Pa. Super. 2006), ***appeal denied***, 927 A.2d 624 (Pa. 2007). Instantly, the Commonwealth has not objected to the absence of the Rule 2119(f) statement as it did not file an appellate brief and, as a result, we will review Appellant's claim.

> Under Section 9762 of the Sentencing Code, 42 Pa.C.S.A. § 9762,
>
> All persons sentenced three or more years after the effective date [(November 24, 2008)] of this subsection to total or partial confinement shall be committed as follows:
>
> . . . .
>
> (2) Maximum terms of two years or more but less than five years *shall be committed* to the Department of Corrections for confinement, except upon a finding of all of the following:
>
>> (i) The chief administrator of the county prison, or the administrator's designee, has certified that the county prison is available for the commitment of persons sentenced to maximum terms of two or more years but less than five years.
>>
>> (ii) The attorney for the Commonwealth has consented to the confinement of the person in the county prison.
>>
>> (iii) The sentencing court has approved the confinement of the person in the county prison within the jurisdiction of the court.

42 Pa.C.S.A. § 9762(b)(2) (emphasis added).

Here, based on the plain language of Section 9762(b)(2), the trial court did not abuse its discretion in directing Appellant serve his sentence at a state correctional institution, instead of the county facility. Moreover, we note that Appellant provides absolutely no evidentiary support, nor does our

review of the record reveal any, for how he meets the exceptions under Section 9262(b)(2). As the trial court found, none of the exceptions apply in the case *sub judice*. Trial Court Opinion, 4/17/14, at 6.

We have conducted an independent review of the record and addressed Appellant's issue regarding his state sentence. Based on our conclusions above, we agree with counsel that the issue Appellant seeks to litigate in this appeal is wholly frivolous. Also, we do not discern any non-frivolous issues that Appellant could have raised. We, therefore, grant counsel's petition to withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/8/2014