J-S05024-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GREGORY MARK DUNBAR, | : | |
| | : | |
| Appellant | : | No. 920 WDA 2014 |

Appeal from the Judgment of Sentence Entered May 23, 2014,
In the Court of Common Pleas of Erie County,
Criminal Division, at No. CP-25-CR-0003143-2013.

BEFORE:  DONOHUE, SHOGAN, and STABILE, JJ.

MEMORANDUM BY SHOGAN, J.:                **FILED FEBRUARY 10, 2015**

Appellant, Gregory Mark Dunbar, appeals from the judgment of sentence entered following his convictions of robbery, attempt to commit burglary, and conspiracy to commit robbery.  Appellate counsel has filed a petition to withdraw her representation and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), which govern a withdrawal from representation on direct appeal.  We grant counsel's petition to withdraw and affirm the judgment of sentence.

The procedural history of this case is summarized as follows.  In relation to an incident in which Appellant and two other males attempted to forcibly enter a residence occupied by three people, one of whom was an

infant girl, Appellant was charged with one count each of robbery, attempted burglary, conspiracy to commit robbery, possession of a small amount marijuana, possession of drug paraphernalia, and three counts of recklessly endangering another person. On March 11, 2014, a jury convicted Appellant of the crimes of robbery, attempt to commit burglary, and conspiracy to commit robbery. On May 23, 2014, the trial court sentenced Appellant to consecutive terms of incarceration of sixty to 120 months for the conviction of robbery, twenty-one to forty-two months for the conviction of attempted burglary, and forty to eighty months for the conviction of conspiracy to commit robbery. Appellant's aggregate sentence totaled 121 to 242 months of incarceration, which was to be served consecutively to a sentence previously imposed in Crawford County. Appellant was given credit for time served. That same day, Appellant filed a post-sentence motion seeking modification of his sentence, which the trial court denied on May 27, 2014. This timely appeal followed.

In lieu of filing a Pa.R.A.P. 1925(b) statement, Appellant's counsel filed a statement of intent to file an ***Anders/McClendon*** brief, pursuant to Pa.R.A.P. 1925(c)(4). On June 16, 2014, the trial court filed a letter indicating it was not preparing a Pa.R.A.P. 1925(a) opinion in light of the notice of intent to withdraw filed by counsel under Pa.R.A.P. 1925(c)(4).

As noted, counsel has filed a petition to withdraw from representation. Before we address the questions raised on appeal, we first must resolve appellate counsel's request to withdraw. ***Commonwealth v. Cartrette***, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal. The procedural mandates are that counsel must

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

***Id***. at 1032 (citation omitted).

In this case, counsel has satisfied those directives. Within her petition to withdraw, counsel averred that she conducted a conscientious examination of the record. Following that review, counsel concluded that the present appeal is wholly frivolous. Counsel sent to Appellant a copy of the ***Anders*** brief and petition to withdraw, as well as a letter, a copy of which is attached to the petition to withdraw. In the letter, counsel advised Appellant that he could represent himself or that he could retain private counsel to represent him.

We now examine whether the brief satisfies the Supreme Court's dictates in ***Santiago***, which provide that

-3-

in the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Cartrette**, 83 A.3d at 1032 (quoting **Santiago**, 978 A.2d at 361).

Counsel's brief is compliant with **Santiago**. It sets forth the history of this case and outlines pertinent case authority. We thus conclude that the procedural and briefing requirements for withdrawal have been met.

Counsel presents the following issue for our review:

Whether the Appellant's sentence is manifestly excessive, clearly unreasonable and inconsistent with the objectives of the Pennsylvania Sentencing Code?

Appellant's Brief at 3.

Appellant argues that the trial court abused its discretion in imposing the sentence in this case. Specifically, Appellant contends that the sentence imposed was harsh and excessive in light of the factors which should have been considered by the sentencing court.

It is well settled that there is no absolute right to appeal the discretionary aspects of a sentence. **Commonwealth v. Hartle**, 894 A.2d 800, 805 (Pa. Super. 2006). Rather, an appellant's appeal should be

considered to be a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 162 (Pa. Super. 2007).

As we observed in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id*. at 170 (citing *Commonwealth v. Evans*, 901 A.2d 528 (Pa. Super. 2006)).

Whether a particular issue constitutes a substantial question about the appropriateness of a sentence is a question to be evaluated on a case-by-case basis. *Commonwealth v. Kenner*, 784 A.2d 808, 811 (Pa. Super. 2001). As to what constitutes a substantial question, this Court does not accept bald assertions of sentencing errors. *Commonwealth v. Malovich*, 903 A.2d 1247, 1252 (Pa. Super. 2006). An appellant must articulate the reasons the sentencing court's actions violated the sentencing code. *Id*. "A substantial question will be found where the defendant advances a colorable

argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process." **Commonwealth v. Ventura**, 975 A.2d 1128, 1133 (Pa. Super. 2009) (citations omitted).

Herein, the first three requirements of the four-part test are met; Appellant brought an appropriate appeal, raised the challenge in his post-sentence motion, and included in his appellate brief the necessary separate concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). Therefore, we will next determine whether Appellant has raised a substantial question requiring us to review the discretionary aspects of the sentence imposed by the trial court.

Specifically, in his Pa.R.A.P. 2119(f) statement, Appellant claims that the sentencing court failed to properly consider the factors set forth in 42 Pa.C.S. § 9721(b). Appellant's Brief at 4-6.[1]

Appellant claims that the trial court simply relied upon the gravity of the offense and failed to consider other circumstances in imposing a sentence upon Appellant in the standard range of the sentencing guidelines. Considering this claim to be an allegation that the sentencing court failed to consider factors set forth under 42 Pa.C.S. § 9721(b), we conclude that, in

---

[1] We note that the factors to be considered under 42 Pa.C.S. § 9721(b) include the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant.

this instance, Appellant has raised a substantial question. ***See Commonwealth v. Fullin***, 892 A.2d 843, 847 (Pa. Super. 2006) (concluding that the appellant raised a substantial question where it was alleged that the trial court failed to properly consider the factors set forth in 42 Pa.C.S. § 9721(b)). Accordingly, because Appellant has stated a substantial question, we will address this claim on appeal.

It is undisputed that sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. ***Fullin***, 892 A.2d at 847. In this context, an abuse of discretion is not shown merely by an error in judgment. ***Id***. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived at a manifestly unreasonable decision. ***Id***. Appellate review with respect to a sentence within the guidelines is whether the sentence is "clearly unreasonable." 42 Pa.C.S. § 9781(c)(2).

Indeed, the sentencing judge has broad discretion in determining the proper penalty, and this Court accords the sentencing court great deference, as it is the sentencing court that is in the best position to view the defendant's character, displays of remorse, defiance, or indifference and the overall effect and nature of the crime. ***Commonwealth v. Walls***, 926 A.2d

957, 961 (Pa. 2007) (quotations and citations omitted).[2]   As previously stated, when imposing a sentence, the sentencing court must consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b).  As we have stated, "a court is required to consider the particular circumstances of the offense and the character of the defendant."  **Commonwealth v. Griffin**, 804 A.2d 1, 10 (Pa. Super. 2002).  "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation."  **Id**.

---

[2] The **Walls** Court instructed the following:

> In making this "unreasonableness" inquiry, the General Assembly has set forth four factors that an appellate court is to consider:
>
> (d) Review of the record.—In reviewing the record the appellate court shall have regard for:
>
> > (1) The nature of the circumstances of the offense and the history and characteristics of the defendant.
> >
> > (2) The opportunity of the sentencing court to observe the defendant, including any pre-sentence investigation.
> >
> > (3) The findings upon which the sentence was based.
> >
> > (4) The guidelines promulgated by the commission.
>
> 42 Pa.C.S. § 9781(d).

**Id**. at 963.

Appellant asserts that, in fashioning his sentence, the sentencing court failed to properly consider Appellant's relatively minor role in the commission of the robbery, the fact that he was not yielding the weapon during the crime, the fact that Appellant apologized to the victim and her family, and that Appellant is actively supported by his family. Appellant's Brief at 7.

Our review of the record reflects that, after the sentencing court reviewed a presentence report, heard testimony from a witness offered by Appellant, accepted Appellant's allocution that included an apology, received a victim impact statement, and accepted letters about Appellant's character, it made the following statement:

> All right. Thank you. I've considered a number of things here, the presentence report in its entirety, and I'm going to make it a part of the record. I also received some letters in support of [Appellant] including a list of individuals who believe that he's, in their estimation, a great man who is loved and missed. I'm going to make all those a part of the record and attach them to the presentence investigation report.

> I've also considered the Pennsylvania Sentencing Code and its factors, the guidelines, and the various statements made here to me today. I've also considered of course the trial testimony that – in this case, and I'm familiar with the facts of the case as outlined at that time.

> [Appellant], you're not wasting my time. I mean, this is what I do. And as I looked at all this, it's a little bit puzzling, because on the one hand you appear to have a lot of people that love and support you, and yet you have an extensive criminal record that indicates to me this [sic] in spite of this love and support, that has not been an influence on you, at least to the point where it's deterred your criminal behavior.

As to these crimes, these were extremely serious, and those victims were absolutely terrorized. It was a young child. And, again, nobody put the gun in your hand, but you were there. You knew better given your background.

And to say you were in the wrong place at the wrong time, that rings hollow, because a man with your background should have enough street smarts to know when you're putting yourself in harm's way. You were there because you wanted to be there. That's the bottom line.

I still think, as much of a mess as you've made out of your life, there is still some rehabilitative potential, but you've earned yourself a considerable jail sentence for what you did. And you're going to have to pay that price before you can return to your family.

Notes of Testimony, Sentencing Hearing at 12-13.

Upon review of the record, we conclude that the sentencing court presented adequate reasons for imposing the sentence within the standard range of the sentencing guidelines upon Appellant. There is no indication that the trial court ignored any relevant factors in fashioning the sentence. Accordingly, it is our determination that there was no abuse of discretion on the part of the sentencing court in fashioning Appellant's sentence. Thus, we conclude this claim lacks merit.

We also have independently reviewed the record in order to determine whether there are any non-frivolous issues present in this case. ***Commonwealth v. Harden***, 103 A.3d 107, 111 (Pa. Super. 2014). Having concluded that there are no meritorious issues, we grant Appellant's counsel permission to withdraw, and affirm the judgment of sentence.

Petition of counsel to withdraw is granted. Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/10/2015