J-S33008-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                          :  PENNSYLVANIA
                                          :
         v.                     :
                                          :
                                          :
EDWIN CALOMONTANEZ,      :
                                          :
         Appellant         :  No. 3208 EDA 2017

Appeal from the Judgment of Sentence July 17, 2017
In the Court of Common Pleas of Monroe County
Criminal Division at No(s):  CP-45-CR-0001337-2016

BEFORE:  OTT, J., McLAUGHLIN, J., and STEVENS[*], P.J.E.

MEMORANDUM BY OTT, J.:            **FILED AUGUST 30, 2018**

Edwin Calomontanez appeals the judgment of sentence imposed on July 17, 2017, in the Court of Common Pleas of Monroe County.  Calomontanez pleaded guilty to conspiracy to possess with intent to deliver a controlled substance (heroin, 50-100 grams),[1] and the trial court sentenced him to a term of imprisonment of not less than 30 months less one day nor more than 60 months less one day.  The sole issue raised in this appeal is a challenge to the discretionary aspects of the sentence.  Based on the following, we affirm.

The trial court has summarized the background of this case, which we reiterate, in part:

> [The trial court] held a sentencing hearing on July 17, 2017. After considering the presentence investigation report and the

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 903; 35 P.S. § 780-113(a)(30).

arguments of counsel, [the trial court] sentenced [Calomontanez] to be incarcerated in a State Correctional Institution for a period of not less than 30 months less 1 day nor more than 60 months less 1 day. [The trial court] considered both aggravating and mitigating factors and ultimately sentenced [Calomontanez] within the standard range. [Calomontanez] was found to be eligible for RRRI, and accordingly his alternative minimum sentence was set at 22 months and 15 days. Additionally, [the trial court] found [Calomontanez] statutorily eligible for admission to the Boot Camp Program, and recommended that he be placed in such program.

[Calomontanez] filed a Motion to Reconsider Sentence on July 27, 2017, claiming his sentence was excessive. [The trial court] denied [Calomontanez's] Motion for Reconsideration by Order dated July 31, 2017.

On September 29, 2017, [Calomontanez] filed a Notice of Appeal.[2] On the same day, [the trial court] ordered a Concise Statement to be filed within twenty-one (21) days. [Calomontanez] filed said statement on October 20, 2017.

Trial Court Opinion, 11/22/2017, at 4.

The principles that guide our review are well settled:

It is well-settled that "[t]he right to appeal a discretionary aspect of sentence is not absolute." ***Commonwealth v. Dunphy***, 2011 PA Super 100, 20 A.3d 1215, 1220 (Pa. Super. 2011). Rather, where an appellant challenges the discretionary aspects of a sentence, an appellant's appeal should be considered as a petition for allowance of appeal. ***Commonwealth v. W.H.M.***, 2007 PA Super 249, 932 A.2d 155, 162 (Pa. Super. 2007). As we stated in ***Commonwealth v. Moury***, 2010 PA Super 46, 992 A.2d 162 (Pa. Super. 2010):

_____

[2] Because counsel filed a motion to withdraw as counsel, and due to Calmontanez's transfer to a State Correctional Institution prior to a hearing on the motion, the trial court, by Order dated August 14, 2017, and entered August 15, 2017, extended the time for appeal to September 29, 2017.

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> **Id.** at 170 (citing **Commonwealth v. Evans**, 2006 PA Super 132, 901 A.2d 528 (Pa. Super. 2006)). Whether a particular issue constitutes a substantial question about the appropriateness of sentence is a question to be evaluated on a case-by-case basis. **See Commonwealth v. Kenner**, 2001 PA Super 292, 784 A.2d 808, 811 (Pa. Super. 2001), **appeal denied**, 568 Pa. 695, 796 A.2d 979 (2002).

**Commonwealth v. Radecki**, 180 A.3d 441, 467 (Pa. Super. 2018).

Calomontnez has complied with the procedural requirements for this discretionary aspects of sentencing challenge by filing a timely appeal to this Court, preserving the sentencing issue in his post-sentence motion, and including a Pa.R.A.P. 2119(f) statement in his brief. The final requirement is that Calomontanez's Rule 2119(f) statement must raise a substantial question.

It is well settled that a substantial question exists

> "when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Commonwealth v. Phillips**, 2008 PA Super 30, 946 A.2d 103, 112 (Pa. Super. 2008) (citation omitted), **appeal denied**, 600 Pa. 745, 964 A.2d 895 (2009). "[W]e cannot look beyond the

statement of questions presented and the prefatory [Rule] 2119(f) statement to determine whether a substantial question exists." ***Commonwealth v. Christine***, 2013 PA Super 246, 78 A.3d 1, 10 (Pa. Super. 2013), ***affirmed***, 633 Pa. 389, 125 A.3d 394 (Pa. 2015).

***Radecki, supra***, 180 A.3d at 468. Here, Calomontanez claims the trial court abused its discretion "by sentencing [Calomontanez] in the standard range without properly considering mitigating factors due to [Calomontanez's] family background and [Calomontanez's] lack of significant prior criminal history. As a result, the sentence imposed constituted a manifest abuse of discretion." Calomontanez's Brief at 11 (Concise Statement Pursuant to Pa.R.A.P. 2119(f)).

We have held on numerous occasions that "a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." ***Commonwealth v. Disalvo***, 70 A.3d 900, 903 (Pa. Super. 2013) (citations omitted). ***See also Commonwealth v. Patterson***, 180 A.3d 1217, 1233 (Pa. Super. 2018) (no substantial question raised where defendant's claim was that the trial court failed to fully consider mitigating factors such as appellant's age, prior record score, lack of violent tendencies prior to the shooting, and appellant's belief that his life was in danger); ***Radecki, supra***, 180 A.3d at 469 (collecting cases) (finding claim of inadequate consideration of mitigating factors, specifically, defendant's "advanced age "of over seventy years, failed to raise a substantial question). Therefore, we conclude Calomontanez has failed to raise a substantial

- 4 -

question that warrants review of his sentencing claim on the merits. However, even if we were to determine that Calomontanez raised a substantial question for our review, we would still conclude no relief is due.

In reviewing a challenge to the discretionary aspects of the sentence, we recognize:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Gonzalez***, 109 A.3d 711, 731 (Pa. Super. 2015) (citation omitted). Further, where, as here, the trial court sentenced within the guidelines, we may only vacate the judgment of sentence if it is "clearly unreasonable." 42 Pa.C.S. § 9781(c)(2).

At sentencing, the trial judge had the benefit of a presentence investigation report (PSI) and additional information provided by Calomontanez, through his counsel, at the sentencing hearing. The Honorable Margherita Patti-Worthington explained:

> It should be noted that a PSI was completed in the instant case. However, due to [Calomontanez's] failure to appear for the PSI, it lacked valuable information. That being said, while the PSI did not provide the Court with much information, relevant mitigating factors were given full consideration and addressed on the record at the time of sentencing.

At the outset of sentencing, We noted our concern about the lack of information contained in the PSI. Notes of Testimony, Sentencing, 7/17/17, p. 3 (hereinafter "N.T., Sentencing, _ ."). [Calomontanez], through his attorney, noted that he did in fact miss his PSI appointment. *Id.* at 3-4. [Calomontanez] then relayed to the Court that he had one prior conviction for possession in 2013 in Buffalo, New York, to which he had pled guilty. *Id.* at 4. [Calomontanez] explained that it was his understanding

> that that case is going to be getting dismissed as part of a drug program that they have [in New York] for first-time offenders. It was a misdemeanor case. It was nothing like this case, because, granted, this case is of a major nature because of the amount of drugs involved. But that's all that he has on his record, and I think that went a long way toward the Commonwealth making their recommendation in this case, that they don't have any objection to the Court imposing either a RRRI calculation as part of whatever sentence you give or make him eligible for the boot camp program.

*Id.* at 4-5. [Calomontanez] further provided that

> He simply wanted to come in and say, '[l]isten I did this.' He wanted to take responsibility, and so he did, so he took the plea, and I would ask the Court to consider that, the fact that he has taken full responsibility in this case, in imposing whatever sentence you do.

*Id.* at 6. [Calomontanez] then provided the Court information about his family circumstances. [Calomontanez] informed the Court that [Calomontanez] had a pregnant fiancee, whom was present for the hearing, and that he has eight children. *Id.* at 7, 15. [Calomontanez] told the Court that he was providing weekly financial support for some of his eight children. *Id.* at 15. [Calomontanez] revealed that his mother was experiencing health issues. *Id.* at 11. [Calomontanez] also informed the Court that he had a job at the Cheesecake Factory, and had been working there for three months; however, he could not produce a pay stub or otherwise provide proof of employment to the Court. *Id.* at 7.

Additionally, [Calomontanez] revealed that "he has been going through that drug court program up there in New York," *Id.* [Calomontanez] also proffered that "he has absolutely no connection to this area whatsoever." *Id.* at 7-8.

In sum, [Calomontanez] asked the Court "to consider giving him a mitigated range sentence given the fact that he has no connection to this area whatsoever and we're talking about essentially, you know, a first time offender with the exception of that very minor offense up in Buffalo." *Id.* at 9-10.

Given all of the above information, We concluded that although "Mr. Calomontanez comes before the Court with a zero prior record score but a prior offense, drug offense." *Id.* at 14. However, "this was a good amount of heroin and pills." Additionally, this Court explained that "the standard range here is 22 to 36. The aggravating factor is failure to appear for the PSI, although I do not believe that puts this in the aggravated range of sentence. I do not find that this is an appropriate sentence for a mitigated range ... I do find that Mr. Calomontanez should receive the benefit of boot camp eligibility as well as RRRI."

This Court then ordered that [Calomontanez] be sentenced to a period of incarceration in a State Correctional Institution for a period of not less than 30 months less 1 day nor more than 60 months less one day. [The trial court] found [Calomontanez] eligible for the Boot Camp Program, and recommended [Calomontanez] be placed in such program. Additionally, [the trial court] found [Calomontanez's] alternative minimum sentence pursuant to RRRI eligibility to be 22 months and 15 days.

As previously stated, [Calomontanez] pled guilty in the present case to Count 1 of the Criminal Information, Conspiracy to Possess with Intent to Deliver Heroin, between 50 and 100 grams. [Calomontanez's] Prior Record Score is zero (0), but has a prior drug offense, and the Offense Gravity Score is ten (10). The standard range for the offense, therefore, is twenty-two months to thirty-six months (22-36), with an aggravated/mitigated range of plus or minus twelve (12) months. The statutory limit for Conspiracy to Possess with Intent to Deliver Heroin, between 50 and 100 grams is one hundred and eighty (180) months. As previously stated, this Court sentenced [Calomontanez] to not

less than 30 months less one day, nor more than 60 months less one day. [Calomontanez's] sentence falls within the standard range of permissible sentences, which is an appropriate exercise of this Court's discretion. Additionally, such sentence was imposed after giving full consideration on the record to relevant mitigating circumstances presented at the time of sentencing.

Trial Court Opinion, 11/22/2017, at 6-9.

Our review of the transcript of the sentencing hearing confirms the trial court considered the PSI and the mitigating circumstances stated on the record by trial counsel and Calomontanez at the sentencing hearing. Furthermore, the trial court imposed a standard range sentence. In this regard,

[w]here the sentencing court impose[s] a standard-range sentence with the benefit of a pre-sentence report, we will not consider the sentence excessive. In those circumstances, we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.

*Commonwealth v. Corley*, 31 A.3d 293, 298 (Pa. Super. 2011). *See also Radecki, supra*, 180 A.3d at 471. Accordingly, there is no basis upon which to disturb the sentence imposed by the trial court.

Therefore, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judge McLaughlin joins this memorandum.

President Judge Emeritus Stevens concurs in the result.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/30/18