**COMMONWEALTH of Pennsylvania, Appellant**

v.

**Helen Denise KENNER, Appellee.**

Superior Court of Pennsylvania.

Argued July 31, 2001.
Filed Oct. 12, 2001.

John H. Daneri, Assistant District Attorney, Erie, for Com., appellant.

Deanna L. Heasley, Erie, for appellee.

Before: CAVANAUGH, EAKIN and JOYCE, JJ.

JOYCE, J.

¶ 1 This is an appeal by the Commonwealth from the August 23, 2000, judgment of sentence entered after the Appellee, Helen Denise Kenner (Kenner) pled guilty to one count of aggravated assault. An order denying the Commonwealth's motion for reconsideration of sentence was entered September 27, 2000 that finalized the judgment of sentence at issue. *See Com-*

*monwealth v. Chamberlain,* 442 Pa.Super. 12, 658 A.2d 395, 397 (Pa.Super.1995), appeal quashed, 543 Pa. 6, 669 A.2d 877 (1995) (a judgment of sentence becomes final for purposes of appeal when the trial court disposes of post-sentencing motions). We vacate the judgment of sentence and remand for resentencing. The relevant facts and procedural history of this case are as follows.

¶ 2 On October 10, 1999, Kenner and the victim, Paul Gambill (Gambill), who were co-workers, were drinking together after work at Ebony Henderson's residence. Subsequently, Gambill and a friend, Christopher Graham (Graham), went to Kenner's house to continue drinking. Gambill told police he walked upstairs to use the bathroom. He further stated that Kenner often forced herself on him sexually when she drank, and on this particular night, when he finished in the bathroom, Kenner forced herself on him in a sexual manner. Gambill testified that he was not interested, but Kenner continued to pursue him. Gambill became upset, and he told Kenner that if she wanted him, she could give him oral sex, and he unbuckled his pants. Kenner left the room and returned with a knife. It is undisputed that on the evening in question, Kenner stabbed Gambill repeatedly in the abdomen and legs causing severe injuries. Graham, who accompanied Gambill to Kenner's house, drove him to the hospital.

¶ 3 Kenner was arrested and charged as follows: count one, criminal attempt (criminal homicide); [1] count two, aggravated assault; [2] count three, simple assault; [3] count four, possessing an instrument of crime; [4] and count five, an additional count of aggravated assault. [5] There was a plea agreement and counts one, three, four, and five were *nolle prossed.* Defendant pled guilty to count two, the first degree felony of aggravated assault. The trial court imposed a sentence of 11½ to 23½ months' imprisonment at the Erie County Prison, followed by 8 years of county supervised probation.

¶ 4 The Commonwealth motioned for reconsideration of sentence, and the trial court denied the motion. This timely appeal follows.

¶ 5 The Commonwealth requests remand for resentencing alleging the lower court abused its discretion, compromised the sentencing scheme as a whole, the sentence was contrary to the fundamental norms of sentencing because it was 30½ months below the lowest mitigated range, and the court's explanation for this deviation from the sentencing guidelines was insufficient. Brief for the Commonwealth, at 4. Specifically, the Commonwealth noted that the sentencing guidelines provide for the following range of sentence for aggravated assault: mitigated range, 42 months; standard range, 54–72 months; and aggravated range, 84 months. *Id.* at 9, 669 A.2d 877. The Commonwealth further noted that the "deadly weapon used" enhancement applied. *Id.*

¶ 6 Unlike a challenge to the legality of sentence, the right to appeal a discretionary aspect of sentence is not absolute. *Commonwealth v. Barzyk,* 692 A.2d 211, 216 (Pa.Super.1997). Rather, a party who desires to raise such matters must petition this court for permission to appeal and demonstrate that there is a substantial question that the sentence is

---

**1.** 18 Pa.C.S.A. § 901.

**2.** 18 Pa.C.S.A. § 2702(a)(1).

**3.** 18 Pa.C.S.A. § 2701(a)(2).

**4.** 18 Pa.C.S.A. § 907.

**5.** 18 Pa.C.S.A. § 2702(a)(4).

inappropriate. 42 Pa.C.S.A. § 9781(b). The determination of whether a particular issue constitutes a substantial question as to the appropriateness of sentence must be evaluated on a case-by-case basis. *Barzyk*, 692 A.2d at 216.

▮ ¶ 7 It is only where an aggrieved party can articulate clear reasons why the sentence imposed by the trial court compromises the sentencing scheme as a whole that we will find a substantial question and review the decision of the trial court. *Id.* We will grant an appeal only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. *Id.* In fulfilling this requirement, the party seeking to appeal must include in his or her brief a concise statement of the reasons relied upon in support of the petition for allowance of appeal. Pa.R.A.P. 2119(f); *Commonwealth v. Saranchak*, 544 Pa. 158, 176, 675 A.2d 268, 277 (1996), *cert. denied*, 519 U.S. 1061, 117 S.Ct. 695, 136 L.Ed.2d 617 (1997). The Commonwealth has complied with this requisite.

¶ 8 The error alleged by the Commonwealth in this case presents a substantial question. *See Commonwealth v. Sims*, 728 A.2d 357 (Pa.Super.1999) (Commonwealth presented a substantial question when it contended that the sentence imposed was excessively lenient and unreasonably deviated from the sentencing guideline range). Furthermore, the Commonwealth's Rule 2119(f) statement specifically states why the sentence violates sentencing norms pursuant to *Commonwealth v. Goggins*, 748 A.2d 721 (Pa.Super.2000). Therefore, we grant the Commonwealth's appeal, and we will address the issue on the merits.

▮ ¶ 9 Our standard of review in an appeal from the discretionary aspects of a sentence is well settled:

> [s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

*Commonwealth v. Hess*, 745 A.2d 29, 30–31 (Pa.Super.2000) (citations omitted); 42 Pa. C.S.A. § 9781(c). Furthermore, in exercising its discretion, the sentencing court may deviate from the guidelines, if necessary, to fashion a sentence that takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community,,so long as the court also states of record the factual basis and specific reasons which compelled the deviation from the guidelines. *See id.* This Court must remand for resentencing with instructions if we find that the sentencing court sentenced outside the guidelines and the sentence was unreasonable. *Id.*

¶ 10 With these principles in mind, we find that the trial court abused its discretion by imposing an excessively lenient sentence. Here we have a case where Kenner pled guilty to aggravated assault. She stabbed the victim repeatedly with a knife, causing severe injuries. Gambill was not charged with any crime. At sentencing Gambill made a statement to the court in which he recounted the events of October 10, 1999. He further stated that there was no provocation, he never tried to

force himself on Kenner, and that he now has scars as a result of the attack. N.T. Sentencing, 08/23/2000 at 13. At this point, the trial court interrupted Victim, and the following exchange occurred:

The Court: You didn't try to rape [Kenner]?

[Victim]: No, I did not.

The Court: You didn't try to have sex with her?

[Victim]: No, I did not. She wanted to have sex with me, Your Honor.

The Court: She was trying to kill you in order to have sex with you?

*Id.* at 13–14.

¶ 11 After questioning Gambill, the trial court heard from Kenner, who had already pled guilty, yet told the trial court Gambill was lying. She alleged that Gambill attempted to drag her upstairs. *Id.* at 22. She further admitted that she overreacted and could have called the police. *Id.*

¶ 12 During the imposition of sentence, the trial court noted that she considered several factors in fashioning the sentence. The sentencing transcript reflects the following:

The Court: Very well. The Court has had an opportunity to review a thorough presentence report. The Court has considered the Pennsylvania Guidelines on Sentencing, which I've stated on the record already. The Court has already set that forth. The Court has considered the Pennsylvania Sentencing Code, her age. [Kenner] is now twenty-three years of age. The Court has considered the seriousness of the offense, facts and nature and circumstances, protection of society, definitely [Kenner's] rehabilitative needs.

N.T. Sentencing, 08/23/2000 at 23.

¶ 13 We cannot however, find that these considerations justify such a radical departure from our sentencing guidelines. It is clear that Kenner pled guilty. The Commonwealth argues that Kenner's accusations at sentencing illustrate her lack of remorse. We agree. Furthermore, while we appreciate Kenner is a person of twenty-three years of age without a prior record, we find that these reasons are inadequate to explain the departure from the sentencing guidelines. We are constrained to find that the lower court abused its discretion by imposing an unreasonably lenient sentence without adequately explaining the reasons for departing from the sentencing guidelines. Accordingly, we vacate the judgment of sentence and remand for resentencing consistent with this opinion.

¶ 14 Judgment of sentence vacated; case remanded for resentencing. Jurisdiction relinquished.