J.S15041/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| JEREMY MATTHEW HETRICK, | : | |
| | : | No. 1202 MDA 2013 |
| Appellee | : | |

Appeal from the Judgment of Sentence January 30, 2013
In the Court of Common Pleas of Lebanon County
Criminal Division No(s).: CP-38-CR-0000855-2012

BEFORE: BOWES, OLSON, and FITZGERALD,[*] JJ.

DISSENTING STATEMENT BY FITZGERALD, J.:**FILED SEPTEMBER 24, 2014**

I respectfully dissent, as I would vacate the sentence and remand for re-sentencing. I would find the record did not evince due consideration of the gravity of the offense and its impact on the life of the victim, and the impact on the community.

I acknowledge that the court may deviate from the sentencing guidelines,

> if necessary, to fashion a sentence that takes into account . . . **the gravity of the particular offense as it relates to the impact on the life of the victim and the community**, so long as the court also states of record the factual basis and specific reasons which compelled the deviation from the guidelines.

---

[*] Former Justice specially assigned to the Superior Court.

*Commonwealth v. Kenner*, 784 A.2d 808, 811 (Pa. Super. 2001) (emphasis added); *see also* 42 Pa.C.S. § 9721(b). The court, when deviating from the guidelines, "is to state **adequate reasons** for the imposition of sentence . . . ." *Commonwealth v. Antidormi*, 84 A.3d 736, 760 (Pa. Super. 2014), (emphasis added), *appeal denied*, ___ A.3d ___, 126 MAL 2014 (Pa. July 7, 2014). The court must make "a **dispassionate** decision to depart from" the sentencing guidelines. *Commonwealth v. Rodda*, 723 A.2d 212, 216 (Pa. Super. 1999) (*en banc*) (emphasis in original).

Although the trial court gave a lengthy statement of its reasons for the sentence and referenced the presentence report, I would find the record did not evince due consideration of the gravity of the offense and its impact on the life of the victim and the community. Therefore, I would vacate the judgment of sentence and remand for re-sentencing. *See Antidormi*, 84 A.3d at 760; *Kenner*, 784 A.2d at 811.