J-S80018-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DANIEL DAVIS | |
| Appellant | No. 2016 MDA 2015 |

Appeal from the Judgment of Sentence Entered October 2, 2015
In the Court of Common Pleas of Luzerne County
Criminal Division at No: CP-40-CR-0000560-2015

BEFORE:  LAZARUS, STABILE, and RANSOM, JJ.

MEMORANDUM BY STABILE, J.:                **FILED DECEMBER 23, 2016**

Appellant Daniel Davis appeals from the October 2, 2015 judgment of sentence entered in the Court of Common Pleas of Luzerne County ("trial court"), following his guilty plea to robbery, terroristic threats, simple assault, simple assault with a deadly weapon, recklessly endangering another person and disorderly conduct.  Upon review, we affirm.

The facts and procedural history of this case are not in dispute. Briefly, upon pleading guilty to the above-referenced offenses, the trial court sentenced Appellant to an aggregate term of 30 to 60 months' imprisonment.  In fashioning the sentence, the trial court applied the deadly

weapon enhancement ("DWE") under 204 Pa.Code § 303.10.[1]  On October 9, 2015, Appellant filed a motion for reconsideration of sentence, arguing that, even though he used a knife during the commission of the crimes, the trial court's application of the DWE under Section 303.10 rendered his sentence excessive.  On October 20, 2015, the trial court denied Appellant's reconsideration motion.  Appellant timely appealed to this Court.  The trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.  Appellant obliged.  In his Rule 1925(b) statement, Appellant argued only that the trial court's application of the DWE ran afoul of **Alleyne**[2] and, therefore, was unconstitutional.  In response, the trial court issued a Pa.R.A.P. 1925(a) opinion.

On appeal,[3] Appellant repeats his argument.

---

[1] The sentencing transcript indicates that the trial court did not apply the DWE to the simple assault with a deadly weapon conviction.  N.T. Sentencing, 10/2/15, at 12.

[2] **Alleyne v. United States**, 133 S. Ct. 2151, 2161-63 (2013) (holding that any fact other than a prior conviction that triggers a mandatory minimum sentence must be found by a jury beyond a reasonable doubt).

[3] When reviewing a challenge to the trial court's discretion, our standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion.  An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

*(Footnote Continued Next Page)*

At the outset, we observe that a challenge to the application of DWE implicates the discretionary aspects of the sentence. *See Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa. Super. 2008), *appeal denied*, 964 A.2d 895 (Pa. 2009). Thus, because Appellant's sole issue implicates the discretionary aspects of his sentence, we note that it is well-settled that "[t]he right to appeal a discretionary aspect of sentence is not absolute." *Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa. Super. 2011). Rather, where an appellant challenges the discretionary aspects of a sentence, an appellant's appeal should be considered a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 162 (Pa. Super. 2007). As we stated in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*(Footnote Continued)* ————————

*Commonwealth v. Bowen*, 55 A.3d 1254, 1263 (Pa. Super. 2012) (quoting *Commonwealth v. Cunningham*, 805 A.2d 566, 575 (Pa. Super. 2002)), *appeal denied*, 820 A.2d 703 (Pa. 2003).

*Id.* at 170 (citing ***Commonwealth v. Evans***, 901 A.2d 528 (Pa. Super. 2006)).  Whether a particular issue constitutes a substantial question regarding the appropriateness of sentence is a question to be evaluated on a case-by-case basis.  ***See Commonwealth v. Kenner***, 784 A.2d 808, 811 (Pa. Super. 2001), ***appeal denied***, 796 A.2d 979 (Pa. 2002).

Here, although Appellant timely appealed to this Court and raised a substantial question,[4] he has failed to satisfy the second requirement of the four-part ***Moury*** test.  Specifically, Appellant failed to preserve the ***Alleyne*** issue on appeal through his post-sentence motions.  ***See Commonwealth v. Foster***, 960 A.2d 160, 163 (Pa. Super. 2008) ("[c]laims relating to the discretionary aspects of a sentence are waived if not raised either at sentencing or in a post-sentence motion"), ***aff'd***, 17 A.3d 332 (Pa. 2011).  Accordingly, we conclude that Appellant has waived his discretionary aspects of sentencing challenge.[5]

---

[4] This Court has found that the application of the DWE presents a substantial question for review.  ***Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1266 (Pa. Super. 2014) (*en banc*), ***appeal denied***, 104 A.3d 1 (Pa. 2014).

[5] We note that Appellant also failed to meet the third part of ***Moury*** test by not including a Pa.R.A.P. 2119(f) statement in his brief.  We, however, decline to find waiver on this basis because the Commonwealth did not object to the omission of the Rule 2119(f) statement.  ***See Foster,*** 960 A.2d at 163 (noting a challenge to the discretionary aspects of a sentence is waived if the opposing party objects to the absence of appellant's Rule 2119(f) statement.

Even if we were to grant review and address this issue, we would conclude that Appellant is not entitled to relief. As acknowledged by Appellant, the trial court did not impose a mandatory minimum sentence here, but rather applied the DWE under Section 303.10. The trial court's application of the DWE did not violate **Alleyne**. In **Buterbaugh**, we specifically concluded that the "deadly weapon enhancement," found at 204 Pa.Code § 303.10, is not unconstitutional under **Alleyne**. **Buterbaugh**, 91 A.3d at 270 n.10.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>12/23/2016</u>