J-A08017-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LAUREL MICHELLE SCHLEMMER | : | |
| | : | |
| Appellant | : | No. 269 WDA 2018 |

Appeal from the Judgment of Sentence September 13, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0008490-2015

BEFORE: PANELLA, P.J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.: FILED NOVEMBER 12, 2019

Laurel Michelle Schlemmer appeals from the judgment of sentence the Court of Common Pleas of Allegheny County imposed on September 13, 2017. Schlemmer challenges the discretionary aspects of her sentence. Upon review, we affirm.

The trial court summarized the factual and procedural background of the instant appeal as follows:

> The charges arose out of the tragic death of [Schlemmer]'s two sons, Luke and Daniel, who were ages three (3) and six (6), respectively, on the date they died. It was not disputed at trial that [Schlemmer] drowned her two sons in the family bathtub. The evidence also revealed that approximately a year earlier, [Schlemmer] attempted to kill her sons when she bound them in twine, placed them in her driveway, and ran over them three (3) times with the family minivan. They survived and she claimed that the incident was an accident. Her son Luke had a broken jaw, broken . . . ankle and a lacerated liver while Daniel had a broken pelvis. Inexplicably, no criminal charges were filed and no action was taken by the Department of Children, Youth and Families.

Trial Court Opinion ("TCO"), 8/30/18, at 3-4.

> Following a non-jury trial, [the trial court] adjudged her guilty but mentally ill of two counts of murder in the third degree; two counts of endangering the welfare of children; and tampering with physical evidence. She was sentenced on [September] 13, [2017] to not less than fifteen (15) nor more than forty (40) years' imprisonment at each count of third degree murder, with the sentences ordered to run consecutive to one another. An additional sentence of not less than two-and-one-half (2½) nor more than five (5) years was imposed at each of the endangering the welfare of children counts, which were ordered to run concurrently with one another and with the other sentences imposed. No further penalty was imposed on the remaining count.

Id. at 2-3. After the trial court denied Schlemmer's post-sentence motion, Schlemmer filed the instant appeal.

> On appeal, Schlemmer raises one issue:

> Did the court abuse its discretion in imposing consecutive terms of imprisonment resulting in a manifestly excessive and unreasonable aggregate sentence of thirty (30) to eighty (80) years' imprisonment for the instant offenses insofar as the sentence imposed does not reflect full consideration of all of the Sentencing Code factors, but is based solely on the seriousness of the offenses, and is not in accord with the proper exercise of discretion in imposing what the court itself referred to as a "de facto" life sentence?

Schlemmer's Br. at 5. For the reasons explained below, we disagree with Schlemmer. Accordingly, we affirm the judgment of sentence.

Our standard of review for challenges to the discretionary aspects of a sentence is well settled. We apply an abuse of discretion standard. See Commonwealth v. Zeigler, 112 A.3d 656, 661 (Pa.Super. 2015). Additionally, because challenges to the discretionary aspects do not entitle an

appellant to appellate review as of right, an appellant challenging the discretionary aspects of her sentence must invoke this Court's jurisdiction by satisfying a four-part test to determine whether: 1) the appellant has filed a timely notice of appeal; (2) the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) the appellant's brief has a fatal defect; and (4) there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. See Commonwealth v. Moury, 992 A.2d 162, 170 (Pa.Super. 2010).

Schlemmer has met the first three requirements of the above test. Therefore, we must determine whether Schlemmer raised a substantial question. Whether a particular issue constitutes a substantial question regarding the appropriateness of sentence is a question to be evaluated on a case-by-case basis. Commonwealth v. Kenner, 784 A.2d 808, 811 (Pa.Super. 2001).

Schlemmer argues that the consecutive sentence imposed by the trial court is "manifestly excessive and unreasonable since the court focused exclusively on the nature and circumstances of the crime and failed to consider the rehabilitative needs of or history, character and condition of Mrs. Schlemmer." Schlemmer's Br. at 11. She also maintains that the trial court relied on improper factors such as her mental health. See id. at 12. Each of these claims raises a substantial question. See Commonwealth v. Downing, 990 A.2d 788, 792 (Pa.Super. 2010) (concluding claim that trial

court relied on improper factors raises a substantial question); see also Commonwealth v. Caldwell, 117 A.3d 763, 770 (Pa.Super. 2015) (en banc) (stating this Court has held that claim of excessiveness along with claim that court failed to consider mitigating factors raises a substantial question); Commonwealth v. Johnson, 125 A.3d 822, 826 (Pa.Super. 2015) (finding substantial question raised where defendant claimed sentence was excessive based on mitigating factors that court allegedly did not consider). We therefore address the merits of her claims which we conclude warrant Schlemmer no relief.

The trial court explained the reasons for imposing consecutive sentences as follows:

> Consecutive sentences were warranted . . . because [Schlemmer] killed two children. Moreover, she killed them by drowning them one at a time. Her crime involved her planning the killings. Two separate, heinous and callous acts were required. She had to take the time to drown one child and, after witnessing his struggle to live and seeing the life fade from his eyes, take the other son and do the same thing to him. Each act required separate punishment. To make the sentence for the second killing concurrent would have diminished the seriousness of that offense and lessened the value of the life taken. . . . To impose anything but consecutive sentences would have afforded [Schlemmer] a ["volume discount"].

TCO at 9-10. The trial court did not abuse its discretion in imposing consecutive sentences. See Moury, 992 A.2d at 171 ("the court has discretion to impose sentences consecutively").

- 4 -

Similarly, we perceive no abuse of discretion in the sentencing court's treatment of Schlemmer's mitigating circumstances. The mitigating circumstances mentioned above were brought to the trial court's attention at the time of sentencing. Indeed, the trial court noted:

> [The trial court] considered [Schlemmer]'s mental health when imposing sentence. The nature and extent of her mental illness was the primary focus of the evidence presented at trial. [The trial court] considered the record from the trial, including the extensive testimony from two psychiatrists regarding her mental state, in formulating the sentence. [The trial court] also considered everything that was presented by the parties at sentencing as well as that which was set forth in the pre-sentence report.

TCO at 8. Thus, the record shows that the sentencing court was fully aware of the above circumstances, but decided not to weigh them as Schlemmer desired. See N.T. Sentencing, 9/13/17, at 22-25.

Schlemmer, in essence, is asking us to reweigh the mitigating circumstances and substitute our judgment for that of the sentencing court. That we cannot do. See, e.g., Commonwealth v. Brown, 741 A.2d 726, 735 (Pa.Super. 1999) (en banc) ("[W]hen reviewing sentencing matters, we must accord the sentencing court great weight as it is in the best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime") (citation omitted).[1]

---

[1] As noted above, Schlemmer raised additional mitigating circumstances which the sentencing court did not consider or did not consider adequately, including the implications of imposing a long sentence, in light of Schlemmer's age.

The record shows that the trial court was fully aware of the implications of imposing consecutive sentences. See TCO at 10 ("the sentence imposed was a de facto life sentence but that sentence was warranted for the taking of two

Accordingly, we conclude that the trial court did not abuse its discretion in fashioning Schlemmer's sentence.

Judgment of sentence affirmed.

President Judge Panella joins the Memorandum.

Judge Stabile files a Concurring/Dissenting Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/12/2019

---

innocent lives") (internal quotation marks omitted). As also noted by the trial court, Schlemmer is not entitled to the imposition of the minimum possible confinement or a "volume discount." Id.; see Commonwealth v. Walls, 926 A.2d 957, 965 (Pa. 2007); Commonwealth v. Hoag, 665 A.2d 1212, 1214 (Pa.Super. 1995).

Schlemmer argued that the sentencing court treated Schlemmer's mental condition as an aggravating circumstance as opposed to a mitigating circumstance. The allegation is devoid of support in the record, nor did Schlemmer point to anything in the record supporting the claim. Schlemmer also alleged that the sentencing court abused its discretion for not believing her sincere expression of remorse. The claim is without merit. Credibility determinations are for the trial court. We do not reassess or reweigh these matters.