J-S28020-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
CURTIS JOHN IRVIN :
:
Appellant : No. 66 MDA 2020

Appeal from the Judgment of Sentence Entered October 28, 2019
In the Court of Common Pleas of Clinton County Criminal Division at
No(s): CP-18-CR-0000225-2019

BEFORE: BOWES, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.: **FILED AUGUST 11, 2020**

Appellant, Curtis John Irvin, appeals from the October 28, 2019 judgment of sentence[1] imposing an aggregate 96 to 240 months' incarceration after Appellant pleaded *nolo contendere* to possession with the intent to deliver a controlled substance (fentanyl) and possession of firearms prohibited.[2] We affirm.

The trial court summarized the procedural history as follows:

[Appellant] was charged by Trooper Jared Fluck of the Pennsylvania State Police concerning an incident that occurred on October 9, 2018[,] in the Borough of Flemington, Clinton County,

---

[1] Appellant purports to appeal from the November 8, 2019 order denying his motion for reconsideration of sentence. *See* Notice of Appeal, 12/9/19. In a criminal action, however, an appeal properly lies from the judgment of sentence. ***Commonwealth v. Flowers***, 149 A.3d 867, 872 (Pa. Super. 2016) (citation omitted).

[2] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S.A. § 6105(a)(1), respectively.

Pennsylvania. [Appellant] subsequently entered a *nolo contendere* plea on September 6, 2019[,] to count [one], possession with the intent to deliver a controlled substance, [which is an ungraded felony. The controlled substance was less than one gram of fentanyl, which is a Schedule I controlled substance. Appellant] also entered a *nolo contendere* plea to count [two], possession of firearms prohibited, [which is] a felony of the second degree. [Upon Appellant entering his] *nolo contendere* pleas, [the trial] court entered an order directing the preparation of a pre[-]sentence investigation [("PSI") report]. [The trial] court thereafter received and reviewed the [PSI] report prior to sentencing. On October 28, 2019, [Appellant] was sentenced. The sentence imposed [at] count [one], possession with the intent to deliver fentanyl, an ungraded felony, was a term of incarceration of [42] months to [120] months[. The] sentence imposed [at] count [two], possession of firearms prohibited, a felony of the second degree, was a term of incarceration of [54] months to [120] months. [The trial] court directed that the sentences were to be served consecutively, it being the intention of the [trial] court that [Appellant] serve a sentence of [96] to [240] months[' incarceration].

[Appellant] had a prior record score [("PRS")] of [4. For] possession with the intent to deliver fentanyl[, the offense] gravity score [("OGS")] was [9 and] the standard range [for sentencing] being [36] to [48] months[' incarceration]. [The trial] court sentenced [Appellant] to a minimum sentence of [42] months[' incarceration] and[,] therefore, [Appellant's] sentence was within the standard range.

Concerning count [two], possession of firearms prohibited, the [OGS] was [10] and the standard range was [48] to [60] months[' incarceration]. [The trial] court sentenced [Appellant] to a minimum sentence of [54] months[' incarceration] and[,] therefore, [Appellant's] sentence was within the standard range.

[Appellant] filed a motion for reconsideration of sentence on November 7, 2019[,] which was denied by [the trial court on] November 8, 2019.

Trial Court Opinion, 1/8/20, at 1-2 (extraneous capitalization omitted).

Appellant filed a timely notice of appeal on December 9, 2019.[3] The trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied. The trial court subsequently filed its Rule 1925(a) opinion on January 8, 2020.

Appellant raises the following issue for our review:

> Did the [t]rial [c]ourt issue a [s]entencing [o]rder that was cruel and excessive in sentencing [Appellant] to an aggregate sentence of not less than [8] years nor more than [20] years['incarceration] when [Appellant] was found in possession of a firearm that was not on his person and not being used in the commission of any alleged drug offense?

Appellant's Brief at 4.

Appellant challenges the discretionary aspect of his sentence, arguing that the trial court abused its discretion by imposing a sentence that was cruel and excessive. *Id.* at 9-10.

> It is well-settled that "the right to appeal a discretionary aspect of sentence is not absolute." *Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa. Super. 2011). Rather, where an appellant challenges the discretionary aspects of a sentence, we should regard his appeal as a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 162 (Pa. Super. 2007). As we stated in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

---

[3] If a defendant files a timely post-sentence motion, including a motion for reconsideration of sentence, as is the case *sub judice*, the notice of appeal must be filed within 30 days of the entry of the order deciding the motion. Pa.R.Crim.P. 720(A)(2)(a). Here, Appellant filed his notice of appeal within 30 days of the November 8, 2019 order denying his motion for reconsideration of sentence. Therefore, Appellant's notice of appeal was timely filed.

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> *Id.* at 170. We evaluate on a case-by-case basis whether a particular issue constitutes a substantial question about the appropriateness of sentence. *Commonwealth v. Kenner*, 784 A.2d 808, 811 (Pa. Super. 2001).

*Commonwealth v. Hill*, 210 A.3d 1104, 1116 (Pa. Super. 2019) (original brackets omitted). If the appellant fails to raise a challenge to the discretionary aspects of a sentence either by presenting a claim to the trial court at the time of sentencing or in a post-sentence motion, then the appellant's challenge is considered waived. *Commonwealth v. Lamonda*, 52 A.3d 365, 371 (Pa. Super. 2012) (*en banc*) (citation omitted), *appeal denied*, 75 A.3d 1281 (Pa. 2013). A substantial question exists when the appellant presents a colorable argument that the sentence imposed is either (1) inconsistent with a specific provision of the Pennsylvania Sentencing Code or (2) is "contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Mastromarino*, 2 A.3d 581, 585 (Pa. Super. 2010), *appeal denied*, 14 A.3d 825 (Pa. 2011). "While a bald claim of excessiveness does not present a substantial question for review, a claim that

the sentence is manifestly excessive, inflicting too severe a punishment, does present a substantial question." ***Commonwealth v. Hicks***, 151 A.3d 216, 227 (Pa. Super. 2016), *citing* ***Commonwealth v. Haynes***, 125 A.3d 800, 807-808 (Pa. Super. 2015), *appeal denied*, 167 A.3d 1287 (Pa. 2017).

Here, the record reflects that Appellant filed a timely notice of appeal, properly preserved a challenge to the discretionary aspect of his sentence in his motion for reconsideration of sentence, and included a Rule 2119(f) statement in his brief. **See** Appellant's Brief at 7-8. Appellant presents a colorable argument that his sentence was excessive and cruel because: (1) "the crimes were non-violent", (2) he "was not in physical possession of the firearm involved and was cooperative with the police", (3) he pleaded *nolo contendere* to the aforementioned crimes "thereby avoiding the necessity for a costly jury trial", and (4) he "was not using the firearm during the commission of any drug offenses, but rather indicated the firearm was for protection." **Id.**; ***see also Mastromarino***, 2 A.3d at 585; ***Haynes***, 125 A.3d at 807-808. Therefore, we proceed to consider the merits of Appellant's discretionary sentencing claim.

> Sentencing is a matter vested in the sound discretion of the [trial court], and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the [trial] court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Caldwell***, 117 A.3d 763, 770 (Pa. Super. 2015), *appeal denied*, 126 A.3d 1282 (Pa. 2015). "When imposing sentence, a [trial] court is required to consider the particular circumstances of the offense and the character of the defendant." ***Commonwealth v. Kitchen***, 162 A.3d 1140, 1146 (Pa. Super. 2017). "When a [trial] court [] reviewed a pre[-]sentence investigation report, we presume that the [trial] court properly considered and weighed all relevant factors in fashioning the defendant's sentence." ***Commonwealth v. Baker***, 72 A.3d 652, 663 (Pa. Super. 2013), *appeal denied*, 86 A.3d 231 (Pa. 2014). A trial court is vested with discretion to impose a sentence concurrently or consecutively to other sentences being imposed at the same time. ***Commonwealth v. Radecki***, 180 A.3d 441, 470 (Pa. Super. 2018).

> Here, Appellant contends,
>
> it is readily apparent from the nature of the charges that they are not violent. It is further evident from the criminal charges in this matter that the firearm involved was found in the [Appellant's] bedroom and not on his person. Appellant was not actively using [the] firearm to commit a crime and indicated that he possessed the same for his protection. Finally, [] Appellant entered pleas in the above-captioned matter, thereby negating the need for a costly jury trial. This was not taken into account by the [trial] court.

Appellant's Brief at 9-10.[4]

_____

[4] Appellant fails to cite any pertinent statutory or case law authority supporting his argument that the trial court's failure to consider the factors, as identified by Appellant, such as avoidance of the expense of a jury trial, constituted an

A review of the record demonstrates that the trial court ordered the preparation of a PSI report and noted in its Rule 1925(a) opinion that it received and reviewed the PSI report prior to sentencing Appellant. **See** Trial Court Order, 9/6/19; **see also** Trial Court Opinion, 1/8/20, at 3. Because the trial court received and reviewed the PSI report prior to sentencing, we presume that the trial court considered and weighed all of the relevant factors in sentencing Appellant.[5] Moreover, the trial court stated, in its Rule 1925(a) opinion, that it "was aware of the facts involved in this case." **See** Trial Court Opinion, 1/8/20, at 3. The sentencing guidelines demonstrate that Appellant was sentenced within the standard ranges for the two crimes to which he pleaded *nolo contendere*.[6] **See** 204 Pa.Code § 303.16(a) (effective December

---

abuse of discretion or error of law. **See** Pa.R.A.P. 2119(a) (stating, the argument section in an appellant's brief shall, *inter alia*, include a discussion followed by citation of authorities deemed pertinent).

[5] Appellant argues that the trial court failed to consider several factors, including the non-violent nature of the crimes, Appellant's use of the firearm allegedly for protection and not in the commission of a crime, and Appellant's avoidance of the expense of a jury trial by pleading *nolo contendere*. **See** Appellant's Brief at 9-10. The notes of testimony from Appellant's sentencing hearing, however, are not part of the certified record. Therefore, Appellant waived his claim that the trial court failed to consider these factors, as identified by Appellant, prior to sentencing. ***Commonwealth v. Manley***, 985 A.2d 256, 263 (Pa. Super. 2009) (stating, "[a] failure by Appellant to insure that the original record certified for appeal contains sufficient information to conduct a proper review constitutes waiver of the issue sought to be examined (citation and original brackets omitted)), *appeal denied*, 996 A.2d 491 (Pa. 2010).

[6] With a PRS of 4 and an OGS of 9, the standard range of sentence for the charge of possession with the intent to distribute a controlled substance

1, 2017 to December 5, 2019).  Finally, the trial court had discretion to impose consecutive sentences.[7]  **See Radecki**, 180 A.3d at 470.

Based upon our review of the record before us, we find no support for Appellant's argument that the trial court abused its discretion or committed an error of law in imposing the judgment of sentence.  Consequently, Appellant's issue is without merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/11/2020

_____

(fentanyl) was 36 to 48 months' incarceration.  204 Pa.Code § 303.16(a) (effective December 1, 2017 to December 5, 2019).  When the controlled substance is a Schedule I narcotic, as is the case here, the sentence is not to exceed 15 years' incarceration.  35 P.S. § 780-113(f)(1).  With a PRS of 4 and an OGS of 10, the standard range of sentence for the charge of possession of firearms prohibited was 48 to 60 months' incarceration with the sentence not to exceed more than 10 years.  204 Pa.Code § 303.16(a) (effective December 1, 2017 to December 5, 2019); **see also** 18 Pa.C.S.A. § 1103.

[7] A review of Appellant's plea statement demonstrates that Appellant understood that the aggregate maximum sentence could be 25 years' incarceration and that the trial court had discretion to impose the sentences consecutively or concurrently.  **See** Appellant's Plea Statement, 9/6/19, at 7.