J-S29015-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JONATHAN BLACK | : | |
| | : | |
| Appellant | : | No. 349 EDA 2021 |

Appeal from the Judgment of Sentence Entered December 12, 2019
In the Court of Common Pleas of Bucks County
Criminal Division at No(s):  CP-09-CR-0004447-2018

BEFORE:   PANELLA, P.J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.:                    **FILED DECEMBER 30, 2021**

During a botched illicit commercial interaction, Appellant Jonathan Black shot at a car full of people while shouting "I'm going to fucking kill this whole car, like this whole fucking car is going to die."[1] One of the shots shattered the car's window and struck passenger Derek Cooper in the face, causing serious injuries. Appellant challenges the sufficiency of the evidence supporting his attempted homicide conviction and alleges an abuse of discretion in the discretionary aspects of his sentence, an aggregate of fifteen to thirty years of imprisonment.[2] We affirm.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Trial Ct. Op., 4/23/21, at 7.

[2] *Id.* at 2, Order of Sentence, 12/12/19; Appellant's Brief at 3-4.

This matter took a tortured turn, procedurally, and thus we recount only the relevant period. On October 8, 2020, after multiple motions had been filed, the trial court reinstated *nunc pro tunc* Appellant's ability to file post-sentence motions and a direct appeal.[3] On November 5, Appellant filed post-sentence motions. On January 11, 2021, the trial court denied those motions. On February 4, Appellant filed the present timely appeal.

Appellant frames the issues presented as follows:

> Was the evidence insufficient as a matter of law to convict Appellant of criminal attempt[ed] homicide where the Commonwealth failed to prove beyond a reasonable doubt that [Appellant] had the specific intent to kill?

> Did the [trial] court abuse its discretion by imposing an unreasonable and manifestly excessive sentence that failed to adhere to the general sentencing principles set forth in 42 Pa.C.S.[] § 9721(b), in that the [trial court] imposed a sentence that exceeded what was necessary to protect the public, the complainants, and the community, failed to fully consider [Appellant's] background and character, and imposed a sentence that was well beyond what was necessary to foster the rehabilitative needs of Appellant, and failed to state adequate reasons for imposing such a lengthy sentence on the record?

Appellant's Brief at 3-4 (questions reordered).

We review a challenge to the sufficiency of the evidence to determine whether, when viewed in a light most favorable to the verdict winner, the

---

[3] We note that prior to *nunc pro tunc* reinstatement, a petition pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546 was filed. Because that filing occurred prior to *nunc pro tunc* reinstatement of Appellant's direct appellate rights, the PCRA petition is a legal nullity that will not prevent Appellant from pursuing an initial, timely-filed PCRA petition in the future, should he choose to do so.

evidence at trial and all reasonable inferences therefrom sufficiently establish each element of the crimes charged beyond a reasonable doubt. *See Commonwealth v. Dale*, 836 A.2d 150, 152 (Pa. Super. 2003).

Appellant's only challenge to his conviction raises the issue of whether the evidence at trial was sufficient to establish specific intent. "The circumstances of this case do not evidence [Appellant] firing his weapon with the specific intent to kill; they evince a man who acted with reckless disregard for the value of human life." Appellant's Brief, at 9-10.

"A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S. § 901. Additionally, one "is guilty of criminal homicide if he intentionally, knowingly, recklessly, or negligently causes the death of another human being." 18 Pa.C.S. § 2501. Intentional killing, for purposes of Pennsylvania law, includes "any . . . kind of willful, deliberate and premeditated killing." 18 Pa.C.S. § 2502(d). Pennsylvania has long recognized that "specific intent to kill may be inferred from the use of a deadly force upon a vital part of the human body." *Commonwealth v. Meredith*, 416 A.2d 481, 485 (Pa. 1980); *see also Commonwealth v. Shank*, 883 A.2d 658, 664 (Pa. Super. 2005). Here, Appellant loosed multiple gunshots, striking one of his victims in the face. This evidence, standing alone, was sufficient to establish a specific intent to kill.

However, though this inference sufficiently supports the conviction, we need not rely only on this inference. Appellant's own statement at the time of the shooting, credited by the factfinder, is also sufficient on its own to support a finding of specific intent to kill. One who says "I'm going to fucking kill this whole car, like this whole fucking car is going to die" may be presumed to intend to do exactly that, especially when, as here, his behavior matches his words. This claim must fail.

Second and finally, Appellant challenges the discretionary aspects of the sentence imposed, an aggregate sentence of fifteen to thirty years of imprisonment. "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." **Commonwealth v. McAfee**, 849 A.2d 270, 274 (Pa. Super. 2004). When challenging the discretionary aspects of the sentence imposed, an appellant must present a substantial question as to the inappropriateness of the sentence. **See Commonwealth v. Tirado**, 870 A.2d 362, 365 (Pa. Super. 2005). "Two requirements must be met before we will review this challenge on its merits." **McAfee**, 849 A.2d at 274. "First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." **Id.** "Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." **Id.** That is, "the sentence violates either a specific provision of the

sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." **Tirado**, 870 A.2d at 365.

Appellant acknowledges, as he must, that he "must establish that the sentence imposed is inappropriate under the Sentencing Code and raises a substantial question." Appellant's Brief at 10 (*citing* **Commonwealth v. Kenner**, 784 A.2d 808, 810-11 (Pa. Super. 2001); 42 Pa.C.S. § 9781(b); Pa.R.A.P. 2119(f)). His brief, which includes a discrete statement of reasons per Rule 2119(f), is technically compliant. **See** Appellant's Brief at 10-13. He argues that the trial court failed to consider Appellant's "unique circumstances" and rehabilitative needs. **See id.** at 12.

Even if assume that Appellant has raised a substantial question, we conclude he is due no relief. "Our Supreme Court has determined that where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." **Commonwealth v. Ventura**, 975 A.2d 1128, 1133 (Pa. Super. 2009) (citation omitted). Here, the trial court had the benefit of a pre-sentence report and we must presume it considered all relevant factors. And even if it had not had the benefit of the pre-sentence report, we note the court thoroughly addressed all of the required factors:

> In imposing sentence, I accept that [Appellant] has had a difficult upbringing.

…

This episode did not end with the firearm transaction. Indeed, it progressed, the jury concluded, to an attempt to rob the victims, and then proceeded to a shooting in which four lives were placed in danger, and the whole series of events concludes with [Appellant] fleeing the authorities. All of those decisions are consistent with very entrenched criminal thinking, and it's clear to me that not only does [Appellant,] based on the jury's verdict and conclusion as to what transpired, have significant drug[,] alcohol, and mental health needs, but his identification with criminal thinking needs to be addressed and that will take a long-term period of treatment and intervention. I do consider the fact that he received treatment and efforts were made to rehabilitate him in almost every program used by Bucks County Juvenile Probation. I do consider that. I do consider, however, he has no significant adult criminal history.

…

So when I look at the fact that his rehabilitative needs are significant; that the impact of a violent crime like this on the community is significant; that it is only by chance that this was not a Third-Degree Murder case, I do consider the need to protect the community until those issues are addressed.

…

Any way I look at this case, anything less than a lengthy period of incarceration diminishes the seriousness of this offense, its impact on the community, and the clear rehabilitative needs of [Appellant.] I do believe the Presentence Investigation recommendation is appropriate.

N.T., 12/12/2019, at 19-22.

We cannot conclude that this discussion reveals an abuse of the trial court's discretion in imposing sentence. The court explicitly considered not only Appellant's upbringing, but also his lack of an adult criminal record and

his rehabilitative needs. The discussion does not establish a court focused only on the seriousness of the crime.

As we conclude neither of Appellant's issues on appeal merit relief, we affirm the judgment of sentence.

Judgment of sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: *12/30/2021*