J-S20004-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DINO RAY MANERO JR. | : | |
| | : | |
| Appellant | : | No. 1432 MDA 2023 |

Appeal from the Judgment of Sentence Entered June 9, 2022
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0002180-2021

BEFORE:   OLSON, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:                    **FILED: SEPTEMBER 4, 2024**

Appellant, Dino Ray Manero, Jr., appeals from the June 9, 2022 judgment of sentence entered in the Court of Common Pleas of Dauphin County after the trial court sentenced Appellant to an aggregate term of 10 to 20 years' incarceration.  The judgment of sentence was imposed after Appellant pled guilty to aggravated assault – attempts to cause serious bodily injury or causes injury with extreme indifference (Count 2), theft by unlawful taking – moveable property (Count 3), firearms not to be carried without a license (Count 4), stalking – repeatedly commit acts to cause fear (Count 5),

---

[*] Former Justice specially assigned to the Superior Court.

terroristic threats with the intent to terrorize another (Count 6), and recklessly endangering another person (Count 7).[1]  We affirm.

The trial court summarized the factual and procedural history as follows:

[Appellant's criminal] charges stemmed from an incident that occurred on March 4, 2021, when it was alleged that Appellant pointed a gun at [the victim and fired several bullets into her vehicle] while she was driving[.]

Appellant waived his preliminary hearing[.]  On February 18, 2022, Appellant pled guilty to [the aforementioned criminal charges].  During the June 8, 2022 sentencing [hearing], at Count 2 - aggravated assault, Appellant was sentenced to [8] to [16] years['] incarceration in a state correctional institution; at Count 3 - theft by [unlawful taking], Appellant was sentenced to [1] to [2] years['] incarceration to run concurrently to the sentence [imposed] at Count 2.

On Count 4 – []firearms [not to be carried] without a license, Appellant was sentenced to [2] to [4] years['] incarceration to run concurrently to the sentences [imposed] at Counts 2 and 3.  On Count 5 - stalking, Appellant was sentenced to [2] to [4] years['] incarceration to run consecutively to the sentence [imposed] at Count 2.  On Count 6 – terroristic threats, Appellant was sentenced to [1] to [2] years['] incarceration to run concurrently to the sentences [imposed] at [Count 2].  Finally, at Count 7 – recklessly endangering another person, the [trial] court noted that the charge would merge for sentencing purposes and no further sentence was imposed.  Appellant received credit for time served from March 5, 2021[,] through June 9, 2022, for a total of 15 months and 4 days.  The aggregate sentence was [10] to [20] years[' incarceration].

On July 10, 2023, Appellant filed a petition [pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  On]

_____

[1]  18 Pa.C.S.A. §§ 2702(a)(1), 3921(a), 6106(a)(1), 2709.1(a)(1), 2706(a)(1), and 2705, respectively.  Appellant was also charged with criminal attempt to commit criminal homicide (Count 1), 18 Pa.C.S.A. § 901(a) (18 Pa.C.S.A. § 2501(a)), but the Commonwealth withdrew this charge after Appellant pled guilty to the remaining, aforementioned criminal charges.

July 12, 2023, [the PCRA court appointed counsel to represent Appellant.] On August 14, 2023, PCRA counsel filed an amended PCRA petition and[,] by order dated August 28, 2023, Appellant's post-sentence and direct appeal rights were reinstated. On September 8, 2023, Appellant filed a motion for post-sentence relief, which [the trial court denied on September 13, 2023. This appeal followed.[2]]

Trial Court Opinion, 12/11/23, at 1-3 (extraneous capitalization and footnotes omitted).[3]

Appellant raises the following issues for our review:

1. Whether the trial court erred as a matter of law [or] abused its discretion in denying [Appellant's] request for [] reconsideration [or] modification of [his] sentence[, seeking] to have the sentence modified to reflect a standard range sentence, as set forth in [Appellant's] motion for post[-]sentence relief[?]

2. Whether the trial court erred as a matter of law [or] abused its discretion in denying [Appellant's] request for [] reconsideration [or] modification of [his] sentence[, seeking] to have the sentence modified to reflect an all[-]concurrent sentence, as set forth in [Appellant's] motion for post[-]sentence relief[?]

Appellant's Brief at 5 (extraneous capitalization and italicized font omitted).

Collectively, Appellant's issues challenge the discretionary aspects of his sentence on the ground that the trial court abused its discretion when it imposed a sentence on Count 2 that fell within the aggravated range of the

---

[2] Both Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

[3] For ease of reference, we assigned page numbers to the trial court's unpaginated Rule 1925(a) opinion.

sentencing guidelines and imposed a sentence on Count 5 that was set to run consecutively to the sentence imposed on Count 2, thereby resulting in an excessive sentence. *Id.* at 15. Put differently, Appellant alleges the trial court abused its discretion in rejecting his request for an all-concurrent, standard-range punishment.

> It is well-settled that "the right to appeal [the] discretionary aspect[s] of [a] sentence is not absolute." *Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa. Super. 2011). Rather, where an appellant challenges the discretionary aspects of a sentence, we should regard his[, or her,] appeal as a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 162 (Pa. Super. 2007). As we stated in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010)[,]
>
> > [a]n appellant challenging the discretionary aspects of his[, or her,] sentence must invoke this Court's jurisdiction by satisfying a four-part test[.]
> >
> > We conduct a four-part analysis to determine: (1) whether [the] appellant [] filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> [*Moury*, 992 A.2d] at 170. We evaluate on a case-by-case basis whether a particular issue constitutes a substantial question about the appropriateness of sentence. *Commonwealth v. Kenner*, 784 A.2d 808, 811 (Pa. Super. 2001).

*Commonwealth v. Hill*, 210 A.3d 1104, 1116 (Pa. Super. 2019) (original brackets omitted), *appeal denied*, 220 A.3d 1066 (Pa. 2019). If an appellant fails to challenge the discretionary aspects of a sentence either by presenting

a claim to the trial court at the time of sentencing or in a post-sentence motion, then the appellant's challenge is waived. **Commonwealth v. Lamonda**, 52 A.3d 365, 371 (Pa. Super. 2012) (*en banc*) (citation omitted), *appeal denied*, 75 A.3d 1281 (Pa. 2013).

In determining whether a substantial question exists, this Court "cannot look beyond the statement of questions presented and the prefatory Rule 2119(f) statement[.]" **Commonwealth v. Christine**, 78 A.3d 1, 10 (Pa. Super. 2013), *aff'd*, 125 A.3d 394 (Pa. 2015). The Rule 2119(f) statement "must explain where the sentence falls in relation to the sentencing guidelines, identify what specific provision of the [Sentencing] Code [or] what fundamental norm was violated, and explain how and why the [trial] court violated that particular provision [or fundamental] norm." **Commonwealth v. Feucht**, 955 A.2d 377, 384 (Pa. Super. 2008), *appeal denied*, 963 A.2d 467 (Pa. 2008). While it is not necessary that the Rule 2119(f) statement "provide elaborate factual and procedural details," the statement must provide more than "bald assertions or non-specific claims of error [and] must state the way in which the penalty imposed is inappropriate." **Feucht**, 955 A.2d at 384. A substantial question exists when an appellant presents a colorable argument that the sentence imposed is either (1) inconsistent with a specific provision of the Sentencing Code or (2) is "contrary to the fundamental norms which underlie the sentencing process." **Commonwealth v. Mastromarino**, 2 A.3d 581, 585 (Pa. Super. 2010), *appeal denied*, 14 A.3d 825 (Pa. 2011).

Here, the record demonstrates that Appellant filed a timely notice of appeal and properly preserved a challenge to the discretionary aspects of his sentence in a post-sentence motion. In his Rule 2119(f) statement, Appellant asserts that the standard guideline ranges for aggravated assault (66 to 84 months' incarceration) and stalking (15 to 26 months' incarceration) "already included enhancements for use of a deadly weapon and domestic violence." Appellant's Brief at 15. Appellant contends, "the aggravated sentence imposed on Count 2 (the aggravated assault conviction), coupled with a consecutive sentence on an already enhanced sentence on Count 5 (the stalking conviction), resulted in an excessive [aggregate] sentence." *Id.* Appellant avers that the aggregate sentence, on its face, appears to be excessive "in light of the criminal conduct at issue." *Id.*

As noted *supra*, this Court must determine what constitutes a substantial question on a case-by-case basis and may not look beyond the Rule 2119(f) statement, or the statement of questions presented, in making such a determination. *Kenner*, 784 A.2d at 811; *see also Commonwealth v. Radecki*, 180 A.3d 441, 468 (Pa. Super. 2018), *appeal denied*, 271 A.3d 383 (Pa. 2022). Our focus is on the reason the appeal was sought. *Radecki*, 180 A.3d at 468. In general, Section 9721 of the Sentencing Code gives a trial court broad discretion to impose consecutive or concurrent sentences and, as such, a challenge to a trial court's discretionary power to impose sentences consecutively or concurrently does not raise a substantial question. *See* 42 Pa.C.S.A. § 9721; *see also Moury*, 992 A.2d at 171 (stating, a trial

"court has discretion to impose sentences consecutively or concurrently and, ordinarily, a challenge to this exercise of discretion does not raise a substantial question"); ***Mastromarino***, 2 A.3d at 586-587; ***Radecki***, 180 A.3d at 468. "The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." ***Moury***, 992 A.2d at 171-172; ***see also Commonwealth v. Dodge***, 77 A.3d 1263, 1270 (Pa. Super. 2013) (stating, a bald assertion of excessiveness based on the imposition of consecutive sentences does not raise a substantial question), *appeal denied*, 91 A.3d 161 (Pa. 2014); ***Commonwealth v. Caldwell***, 117 A.3d 763, 769 (Pa. Super. 2015), *appeal denied*, 126 A.3d 1282 (Pa. 2015).

> In determining whether a substantial question exists, this Court does not examine the merits of whether the sentence is actually excessive. Rather, we look to whether the appellant [] forwarded a plausible argument that the sentence, when it is within the guideline ranges, is clearly unreasonable. Concomitantly, the substantial question determination does not require [this Court] to decide the merits of whether the sentence is clearly unreasonable.

***Dodge***, 77 A.3d at 1270 (citation omitted); ***see also Caldwell***, 117 A.3d at 769. "[T]he key to resolving the preliminary substantial question inquiry is whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case." ***Mastromarino***, 2 A.3d at 587.

In his Rule 2119(f) statement, Appellant cites to **Mastromarino**, **supra**, for the proposition, as discussed *supra*, that a substantial question may exist if, based upon the imposition of consecutive sentences, the aggregate sentence, on its face, appears excessive in light of the criminal conduct at issue. **See** Appellant's Brief at 15; **see also Mastromarino**, 2 A.3d at 587. Appellant claims that the trial court's decision to run his sentence for stalking (2 to 4 years' incarceration) consecutive to his sentence for aggravated assault (8 to 16 years' incarceration) resulted in an aggregate sentence of 10 to 20 years' incarceration that, on its face, was excessive in light of his criminal conduct. Appellant's Brief at 15. In so arguing, however, Appellant did not specify why, or how, his criminal conduct justified the imposition of concurrent sentences.

> As noted by the trial court, this case involved "an assault where [Appellant] stalked [the victim], followed her[,] and fired shots at her while [she was] in a moving vehicle. [The victim] easily could have been injured or killed. This was not a "standard" aggravated assault [case. Appellant's] actions terrified the victim and could have led to her death.

Trial Court Opinion, 12/11/23, at 5.

Upon review, Appellant raises only a bald assertion in his Rule 2119(f) statement that his aggregate sentence, which resulted from, *inter alia*, two sentences set to run consecutively, was excessive based upon "the criminal conduct at issue." In so asserting, Appellant failed to explain in his Rule 2119(f) statement what aspects of his criminal conduct justified the imposition of concurrent sentences or why his criminal conduct did not warrant the

- 8 -

imposition of consecutive sentences. We do not find Appellant's aggregate sentence of 10 to 20 years' incarceration to be clearly unreasonable based upon his criminal conduct, as found by the trial court, and supported by the record. *See Commonwealth v. Faison*, 297 A.3d 810, 836 (Pa. Super. 2023) (stating that, a substantial question did not exist when Faison's bald claim of sentencing error failed to explain why the circumstances of his criminal conduct justified the imposition of concurrent sentences). Therefore, Appellant has failed to present a substantial question.[4]

Judgment of sentence affirmed.

_____

[4] Even if Appellant had raised a substantial question, we would conclude no relief was warranted. Appellant's assertion that the trial court failed to consider his rehabilitative needs in fashioning his sentence, as required under 42 Pa.C.S.A. § 9721(b), is belied by the record. Prior to imposing its sentence, the trial court heard testimony from Appellant's mother detailing Appellant's struggles with drug addiction, as well as Appellant's admission that he struggled from drug addiction "most of [his] life." N.T., 6/9/22, at 4-8, 13. In considering Appellant's rehabilitative needs, the trial court found that Appellant had a "salvageable future" and fashioned a sentence that was "consistent with the actions that [Appellant] engaged in on that day, as well as [provides] an opportunity, at some point, [for Appellant] to become a productive member of [] society." *Id.* at 27, 30-31. As such, the record is replete with evidence that the trial court considered Appellant's rehabilitative and treatment needs in fashioning the individualized sentence. Consequently, Appellant's challenge to the discretionary aspects of his sentence would merit no relief.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 9/04/2024