J-A10002-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CHRISTINE R. DUNKOWSKI | : | |
| | : | |
| Appellant | : | No. 1990 EDA 2022 |

Appeal from the Judgment of Sentence Entered June 28, 2022
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0000248-2020

BEFORE:   PANELLA, P.J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.:                    **FILED JULY 7, 2023**

Christine R. Dunkowski brings this appeal challenging the discretionary aspects of her judgment of sentence imposed after she was convicted of three counts of endangering the welfare of her children. We affirm.

As Dunkowski raises no challenge to her convictions, the following factual summary is uncontested for purposes of this appeal. In 2019, police discovered Dunkowski and her husband living in deplorable conditions in an automobile that was parked at a train station. Police discovered that the couple had four children living in the vehicle as well. The children were visibly malnourished and exhibited signs of long-term neglect. Against Dunkowski's

_____

[*] Former Justice specially assigned to the Superior Court.

protestations, Police took protective custody of the children transported them to the hospital for emergency care.

Dunkowski and her husband were charged with six counts of endangering the welfare of children. A jury trial commenced on October 4, 2021, and on October 6, 2021, Dunkowski and her husband failed to appear. Consequently, the trial concluded *in absentia*. The jury found Dunkowski guilty of three counts of endangering the welfare of children and not guilty of the remaining three counts. Dunkowski was eventually apprehended in Delaware and returned to Pennsylvania for sentencing. On June 28, 2022, the trial court sentenced Dunkowski to serve an aggregate term of incarceration of eight to twenty-one years. Dunkowski filed a timely post-sentence motion, which was denied on July 21, 2022. This timely appeal followed.

Dunkowski's sole issue on appeal is whether the trial court abused its discretion in fashioning her sentence, which was beyond the aggravated range of the sentencing guidelines. **See** Appellant's Brief at 13-20. She contends that the trial court improperly focused upon the seriousness of the crime and failed to consider her rehabilitative needs and other mitigating circumstances. **See id**. at 18.

Our standard of review is one of abuse of discretion. Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. **See Commonwealth v. Shugars**, 895 A.2d 1270, 1275 (Pa. Super. 2006).

It is well settled there is no absolute right to appeal the discretionary aspects of a sentence. *See Commonwealth v. Hartle*, 894 A.2d 800, 805 (Pa. Super. 2006). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. *See Commonwealth v. W.H.M.*, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Moury*, 992 A.2d at 170 (citation and brackets omitted).

Here, the first three requirements of the four-part test are met. Dunkowski brought an appropriate appeal, raised her issue in a post-sentence motion, and included in her appellate brief the necessary concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). We next determine whether she has raised a substantial question requiring us to review the discretionary aspects of the sentence imposed.

Whether a particular issue constitutes a substantial question about the appropriateness of sentence is a question to be evaluated on a case-by-case basis. **See Commonwealth v. Kenner**, 784 A.2d 808, 811 (Pa. Super. 2001). As to what constitutes a substantial question, this Court does not accept bald assertions of sentencing errors. **See Commonwealth v. Malovich**, 903 A.2d 1247, 1252 (Pa. Super. 2006). Rather, an appellant must show actions by the trial court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process. **See Commonwealth v. Ferguson**, 893 A.2d 735, 737 (Pa. Super. 2006).

In her Rule 2119(f) statement, Dunkowski argues the trial court abused its discretion by failing to consider certain mitigating factors, including her prior record, history of addiction and rehabilitative needs, when it imposed a manifestly excessive sentence. **See** Appellant's Brief at 13-14. This Court has held that an assertion that a sentence was excessive and that the trial court failed to properly consider the factors set forth in 42 Pa.C.S.A. § 9721(b)[1] raises a substantial question. **See Commonwealth v. Caldwell**, 117 A.3d 763, 770 (Pa. Super. 2015) (*en banc*). **See also Commonwealth v. Raven**, 97 A.3d 1244, 1253 (Pa. Super. 2014) (stating that "an excessive sentence claim—in conjunction with an assertion that the court failed to consider

---

[1] The factors to be considered under 42 Pa.C.S.A. § 9721(b) include: the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant.  **See** 42 Pa.C.S.A. § 9721(b).

mitigating factors—raises a substantial question" (citation omitted)). We therefore grant permission to appeal and proceed to review the merits of Dunkowski's sentencing claim.

In her brief, Dunkowski argues that the aggregate sentence of eight to twenty-one years "was excessive, resulting in too severe a punishment under all the circumstances."[2] Appellant's Brief at 19. To outline her perceived mitigating circumstances, Dunkowski highlights portions of her testimony offered to the trial court prior to sentencing. *See id*. at 15-16. Dunkowski presents the following summary:

> Review of the sentencing transcript suggests that [the trial court] failed to seriously consider [Dunkowski's] rehabilitative needs, her lack of prior record, her abusive relationship, her below average intelligence and her drug addiction issues….
>
> The primary focus was the seriousness of the crime, in contravention of the sentencing code.

*Id*. at 18.

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse

---

[2] The sentencing guidelines for each of the three counts of endangering the welfare of a child, 18 Pa.C.S.A. 4304, graded as a felony-3, suggest a mitigated range sentence of probation, a standard range minimum sentence of 3 to 14 months, and an aggravated range minimum sentence of 20 months. 204 Pa. Code § 303.16(a). On two of the convictions, Dunkowski received a minimum sentence of 30 months and on one of the convictions she received a minimum sentence of 36 months. Therefore, her sentences were beyond the aggravated range of the sentencing guidelines. The Commonwealth and the trial court acknowledge this fact. *See* Commonwealth's Brief, at 25 (*citing* Trial Court Opinion, 9/21/22, at 7).

of discretion. **Commonwealth v. Bankes**, 286 A.3d 1302, 1307 (Pa. Super. 2022). In this context, an abuse of discretion is not shown merely by an error in judgment. **See id**. Rather, an appellant must establish by reference to the record that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived at a manifestly unreasonable decision. **See id**.

The sentencing judge has broad discretion in determining the proper penalty, and this Court accords the sentencing court great deference, as it is the sentencing court that is in the best position to view a defendant's character, displays of remorse, defiance, or indifference and the overall effect and nature of the crime. **See Commonwealth v. Walls**, 926 A.2d 957, 961 (Pa. 2007) (quotations and citations omitted). As we have stated, "a court is required to consider the particular circumstances of the offense and the character of the defendant." **Commonwealth v. Griffin**, 804 A.2d 1, 10 (Pa. Super. 2002) (citation omitted). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." **Id**. (citation omitted).

Our review of the record reflects that, at the sentencing hearing, the trial court heard extensive testimony from Dunkowski setting forth, in particular detail, her personal history and involvement with her children. N.T., 6/28/22, at 7-15. The trial court also considered argument from defense counsel, which focused on Dunkowski's "severe" drug issue and abusive and

controlling relationship with her husband. *See id*. at 14. In addition, the trial court received argument from the Commonwealth reiterating the conditions under which the children were forced to exist. *See id*. at 15-19. Prior to announcing the judgment of sentence, the trial court detailed its reasoning for imposing the sentence, which included a discussion of the relevant sentencing factors and evinced a thorough understanding of Dunkowski's history and a full grasp of the crimes related to these convictions. *See id*. at 20-25 (weighing the facts that the children were severely underweight, some could not walk, and the 9-year-old child, who had never attended school, was in diapers against Dunkowski's need for drug and alcohol rehabilitation and her lack of a prior criminal record).

In its written opinion, the trial court reviewed the "horrific" facts of the case, Dunkowski's repeated "failure to take responsibility," Dunkowski's "high need for rehabilitation," and the necessity for total confinement. *See* Trial Court Opinion, 9/21/22, at 7-8. Specifically, the trial court summarized that, although "[Dunkowski] had no prior criminal convictions … it also noted that these mitigating factors could not possibly make up for [Dunkowski's] mistreatment of her children. … [T]he neglect that [the children] suffered at the hand of [Dunkowski] is so severe that they are lucky to even be alive." *Id.* at 8.

We conclude the reasons the trial court offered for the sentence imposed were more than sufficient to conclude that the court properly considered all

relevant factors in fashioning Dunkowski's sentence. Accordingly, Dunkowski's claim that the trial court failed to consider the appropriate factors in imposing her sentence lacks merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/7/2023