J-A11001-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BARBARA J WOLFE | : | |
| | : | |
| Appellant | : | No. 1051 WDA 2022 |

Appeal from the Judgment of Sentence Entered August 31, 2022
In the Court of Common Pleas of Forest County
Criminal Division at No.:  CP-27-CR-0000038-2021

BEFORE:   BENDER, P.J.E., STABILE, J., and PELLEGRINI, J.[*]

MEMORANDUM BY STABILE, J.:                **FILED: October 27, 2023**

Appellant Barbara J. Wolfe appeals from the August 31, 2022 judgment of sentence entered in the Court of Common Pleas of Forest County ("trial court"), following her *nolo contendere* plea to conspiracy to commit rape of a mentally ill victim and indecent assault.[1] Upon review, we affirm.

The facts and procedural history of this case are undisputed.  As summarized by the trial court:

> On July 19, 2021, [Appellant] was charged with involuntary deviate sexual intercourse with a child under the age of 16, a felony of the first degree, conspiracy to commit rape of a mentally ill or deficient victim, a felony of the first degree, aggravated indecent assault, a felony of the second degree, indecent assault, a misdemeanor of the first degree, and photographing, filming or depicting on a computer a sex act with a child, a felony of the second degree.  The offense date was February 1, 1994, and the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 903, and 3126(a)(6), respectively.

statutes in question were the ones in effect on that date. [Appellant] was charged after her husband delivered a video recording and note to a county district attorney's office. The video depicted [Appellant] and her husband sexually assaulting the husband's 11-month-old granddaughter at the couple's home in Forest County. The video depicted [Appellant] digitally penetrating and manipulating the infant's vagina and [Appellant] performing oral sex upon the child. She also filmed her husband doing the same as well as her husband penetrating the victim's vagina with his penis. The note indicated who the individuals were in the recording and where and when the offenses occurred. The husband indicated that he intended to commit suicide and immediately did that after he delivered the materials.

On April 20, 2022, [Appellant] entered a plea of *nolo contendere* to conspiracy to commit rape of a mentally ill, a felony of the first degree, and indecent assault, a misdemeanor of the first degree. The plea was entered as an "open" plea with no sentence agreement. The Commonwealth and [Appellant] stipulated at the time of the plea that there would be no registration requirement as the offenses predated the Megan's Law and Sex Offender Registration and Notification Act (SORNA) statutes, and no sexually violent predator assessment by the sexual offender's assessment board was mandated. On August 31, 2022, the court sentenced [Appellant] to a state correctional institution for forty-seven (47) months to ninety-four (94) months for conspiracy to commit rape, and a consecutive sentence of eleven (11) months to twenty-two (22) months for indecent assault. The aggregate sentence was for a minimum of fifty-eight (58) months to a maximum of one hundred sixteen (116) months. Both sentences were at the high end of the standard range of the sentencing guidelines in effect at the date of the offense.

No timely post sentence motion was filed by [Appellant]. On September 14, 2022, [Appellant] filed a timely appeal to the Pennsylvania Superior Court. On September 15, 2022, the court entered an order directing [Appellant] to file a concise statement of matters complained of on appeal within twenty-one (21) days. [Appellant] filed a timely concise statement on October 3, 2022. Also, on October 3, 2022, [Appellant] filed a motion to modify sentence *nunc pro tunc*. On that date, the court entered an order dismissing the motion as the court lacked jurisdiction under Pa.R.A.P. 1701(b)(3). [Appellant's] statement of matters complained of on appeal set forth the solitary issue that "the court

erred in imposing a sentence that was manifestly excessive in length."

Trial Court Opinion, 10/20/22, at 1-3 (unnecessary capitalizations and footnotes omitted).

On appeal, Appellant repeats the same argument, *i.e.*, the trial court abused its discretion "in imposing a sentence manifestly excessive in length." Appellant's Brief at 6.

Appellant's sole issue implicates the discretionary aspects of sentencing. In this regards, it is well-settled that "[t]he right to appeal a discretionary aspect of sentence is not absolute." ***Commonwealth v. Dunphy***, 20 A.3d 1215, 1220 (Pa. Super. 2011). Rather, where an appellant challenges the discretionary aspects of a sentence, an appellant's appeal should be considered as a petition for allowance of appeal. ***Commonwealth v. W.H.M.***, 932 A.2d 155, 162 (Pa. Super. 2007). As we stated in ***Commonwealth v. Moury***, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Id.*** at 170 (citing ***Commonwealth v. Evans***, 901 A.2d 528 (Pa. Super. 2006)). Whether a particular issue constitutes a substantial question about

the appropriateness of sentence is a question to be evaluated on a case-by-case basis. *See Commonwealth v. Kenner*, 784 A.2d 808, 811 (Pa. Super. 2001), *appeal denied*, 796 A.2d 979 (Pa. 2002).

Here, we must note at the outset that Appellant has waived his sentencing claim for multiple reasons. As the Commonwealth points out and our review of the record confirms, she principally failed to preserve this claim for our review because she did not raise it before the trial court at sentencing or in the post-sentence motion. *See* Pa.R.Crim.P. 720(A)(1); *see also Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (holding objections to discretionary aspects of sentence are generally waived if not raised at sentencing or preserved in a post-sentence motion). In *Commonwealth v. Cartrette*, 83 A.3d 1030 (Pa. Super. 2013), we explained that "issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." *Cartrette*, 83 A.3d at 1042 (citation omitted). Relatedly, it is axiomatic that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Additionally, as happened here, an appellant may not raise an issue for the first time in a Rule 1925(b) Statement. *Commonwealth v. Tejada*, 107 A.3d 788, 799 (Pa. Super. 2015). Finally, another reason why Appellant's sentencing issue is waived is because she failed to include in her appellate brief a Rule. 2119(f) statement and the Commonwealth has objected

to its absence. ***See Commonwealth v. Kiesel***, 854 A.2d 530, 533 (Pa. Super. 2004) (noting that we are precluded from reviewing the merits of a sentencing claim if the Commonwealth objects to the omission of a Rule 2119(f) statement). Accordingly, Appellant is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/27/2023