J-S10013-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LAMAR ANELLA KEYS | : | |
| | : | |
| Appellant | : | No. 1275 WDA 2023 |

Appeal from the Judgment of Sentence Entered September 1, 2023
In the Court of Common Pleas of Warren County Criminal Division at
No(s): CP-62-CR-0000317-2022

BEFORE:  OLSON, J., KING, J., and LANE, J.

MEMORANDUM BY OLSON, J.:                    **FILED: APRIL 15, 2024**

Appellant, Lamar Anella Keys, appeals from the September 1, 2023 judgment of sentence entered in the Court of Common Pleas of Warren County that imposed a sentence of 4 to 10 years' incarceration after Appellant pleaded guilty to one count of robbery – threatening another with immediate bodily injury.[1]  We affirm.

The trial court summarized the factual and procedural history as follows:

On August 22, 2022, at approximately 10:00 [p.m., Appellant], wearing dark clothes and a mask, and brandishing a handgun, entered the Family Dollar store in Warren, Pennsylvania, as two employees were in the process of closing the store.  [Appellant] pointed the gun at both employees and demanded cash and cigarettes.  [Appellant] left the store with over $2,000.00 in cash and several packs of cigarettes.  [Appellant] was apprehended

---

[1] 18 Pa.C.S.A. § 3701(a)(1)(iv).

approximately an hour later with the stolen money and cigarettes in his possession.

[Appellant] was charged with robbery[ - threatening another with fear of immediate serious bodily harm], a first[-]degree felony; [] recklessly endangering another person, [a second-]degree misdemeanor[ (2 counts)]; theft by unlawful taking, a third[-]degree felony; robbery – threatening another with immediate bodily injury, a second[-]degree felony; and terroristic threats, a first[-]degree misdemeanor.[2]  On July 6, 2023, [Appellant] entered a plea of guilty to one count of robbery[ – threatening another with immediate bodily injury], a second[-]degree felony.  In exchange, the Commonwealth agreed to enter a *nolle prosequi* on the remaining [charges.3]  The plea was entered as an "open plea" with no agreement regarding sentence.

By sentence order dated September 1, 2023, and entered on September 5, 2023, [Appellant] was sentenced to a state correctional institution to a minimum period of [4] to [10] years['incarceration,] applying the deadly weapon used enhancement. [Appellant] was given credit for time served of [5] days. [Appellant] was not eligible for boot camp nor[] eligible [for the recidivism risk reduction incentive ("RRRI") program].  This sentence was outside the sentencing guidelines.  On the record at sentencing and as set forth in the sentence order, the sentence was outside of the guidelines due to the extreme harm caused to the victims.  [Appellant] was [ordered] to pay the cost of prosecution, a central booking fee of $125[.00], and make restitution to Family Dollar in the amount of $3,381.59 and to [] the victims in the [aggregate] amount of $157.50.  [Appellant] was ordered not to have contact whatsoever with the victims and [] not [to] trespass on the victim's property or any Family Dollar properties.  Furthermore, pursuant to 61 Pa.C.S.A. [§] 6137.2, as [Appellant's] minimum sentence of total confinement is for [4] years, [Appellant] was also sentenced to a period of reentry

---

[2] 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 2705 (2 counts), 3921(a), 3701(a)(1)(iv), and 2706(a)(1), respectively.

[3] On September 6, 2023, pursuant to a motion by the Commonwealth, the trial court *nolle prossed* Appellant's remaining charges to which he did not plead guilty.

supervision of [12] months consecutive to the sentence [imposed]. Defense counsel made no argument regarding the discretionary aspects of sentence [] following the imposition of sentence.

On September 11, 2023, [Appellant] filed a "post[-]sentence motion for special relief[."] In the motion, [Appellant] requested that the restitution sentence imposed by the [trial] court be reduced as a portion of the stolen funds was recovered by the Commonwealth. No challenge of any kind was made to the discretionary aspects of [Appellant's] sentence. The [trial] court denied the post[-]sentence motion on September 22, 2023.

Trial Court Opinion, 10/31/23, at 1-3 (extraneous capitalization and footnotes omitted). This appeal followed.[4]

Appellant raises the following issue for our review: "Did the trial court abuse its discretion in sentencing Appellant outside of the standard range and above the aggravated range?" Appellant's Brief at 4.

Appellant's issue challenges the discretionary aspects of his sentence on the ground that the trial court abused its discretion when it imposed a sentence that is "unreasonable in duration" and considered only the aggravating factors without consideration of the mitigating factors. *Id.* at 7-10.

It is well-settled that "the right to appeal [the] discretionary aspect[s] of [a] sentence is not absolute." *Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa. Super. 2011). Rather, where an appellant challenges the discretionary aspects of a sentence, we should regard his[, or her,] appeal as a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 162

_____

[4] Both Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

(Pa. Super. 2007). As we stated in **Commonwealth v. Moury**, 992 A.2d 162 (Pa. Super. 2010)[,]

> An appellant challenging the discretionary aspects of his[, or her,] sentence must invoke this Court's jurisdiction by satisfying a four-part test[.]

> We conduct a four-part analysis to determine: (1) whether [the] appellant [] filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, [**see**] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

> [**Moury**, 992 A.2d] at 170. We evaluate on a case-by-case basis whether a particular issue constitutes a substantial question about the appropriateness of sentence. **Commonwealth v. Kenner**, 784 A.2d 808, 811 (Pa. Super. 2001).

**Commonwealth v. Hill**, 210 A.3d 1104, 1116 (Pa. Super. 2019) (original brackets omitted), *appeal denied*, 220 A.3d 1066 (Pa. 2019). If an appellant fails to challenge the discretionary aspects of a sentence either by presenting a claim to the trial court at the time of sentencing or in a post-sentence motion, then the appellant's challenge is waived. **Commonwealth v. Lamonda**, 52 A.3d 365, 371 (Pa. Super. 2012) (*en banc*) (citation omitted), *appeal denied*, 75 A.3d 1281 (Pa. 2013).

In determining whether a substantial question exists, this Court "cannot look beyond the statement of questions presented and the prefatory Rule 2119(f) statement[.]" **Commonwealth v. Christine**, 78 A.3d 1, 10 (Pa. Super. 2013), *aff'd*, 125 A.3d 394 (Pa. 2015). The Rule 2119(f) statement "must explain where the sentence falls in relation to the sentencing

guidelines, identify what specific provision of the [Sentencing] Code [or] what fundamental norm was violated, and explain how and why the [trial] court violated that particular provision [or fundamental] norm." ***Commonwealth v. Feucht***, 955 A.2d 377, 384 (Pa. Super. 2008), *appeal denied*, 963 A.2d 467 (Pa. 2008). While it is not necessary that the Rule 2119(f) statement "provide elaborate factual and procedural details," the statement must provide more than "bald assertions or non-specific claims of error [and] must state the way in which the penalty imposed is inappropriate." ***Feucht***, 955 A.2d at 384. A substantial question exists when an appellant presents a colorable argument that the sentence imposed is either (1) inconsistent with a specific provision of the Sentencing Code or (2) is "contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Mastromarino***, 2 A.3d 581, 585 (Pa. Super. 2010), *appeal denied*, 14 A.3d 825 (Pa. 2011).

Here, the record demonstrates that Appellant filed a timely notice of appeal. Appellant did not, however, raise a challenge to the discretionary aspects of his sentence pertaining to the duration of sentence or consideration of certain factors at the conclusion of the sentencing hearing or in his post-sentence motion.[5] ***See*** N.T., 9/1/23, at 10; ***see also*** Post-Sentence Motion, 9/11/23. Therefore, Appellant waived a challenge to the discretionary

---

[5] In his post-sentence motion, Appellant challenges the amount of restitution that he was ordered to pay to Family Dollar on the ground that a certain portion of the stolen funds was recovered upon Appellant's apprehension. ***See*** Post-Sentence Motion, 9/11/23.

aspects of his sentence.[6] ***Commonwealth v. Mann***, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied*, 831 A.2d 599 (Pa. 2003); ***see also Lamonda***, 52 A.3d at 371; ***Commonwealth v. Griffin***, 65 A.3d 932, 936 (Pa. Super. 2013), *appeal denied*, 76 A.3d 538 (Pa. 2013); ***Commonwealth v. Carroll***, 2024 WL 743169, at *5 (Pa. Super. filed Feb. 23, 2024) (unpublished memorandum). Consequently, we affirm Appellant's judgment of sentence.[7]

_____

[6] The fact that the trial court, in its Rule 1925(a) opinion, addressed Appellant's challenge to the discretionary aspects of his sentence does not save Appellant's claims from waiver. ***See Commonwealth v. Tejada***, 107 A.3d 788, 798-799 (Pa. Super. 2015) (finding a challenge to the discretionary aspects of sentence waived for failure to raise the claim before the trial court despite the trial court addressing the challenge in its Rule 1925(a) opinion), *appeal denied*, 119 A.3d 351 (Pa. 2015).

[7] We further note that Appellant failed to include a Rule 2119(f) statement in his brief. ***See*** Pa.R.A.P. 2119(f) (stating, "An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of the sentence."). The Commonwealth, although noting the lack of a Rule 2119(f) statement, did not, however, raise a formal objection to the lack of a Rule 2119(f) statement. ***See*** Commonwealth Brief at 9 n.1 (recognizing that, Appellant failed to include a Rule 2119(f) statement in his appellate brief, but declining to formally object "in an effort to circumvent the need to address the issues in [a petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546)]"). When an appellant fails to include a Rule 2119(f) statement, but the Commonwealth does not object, this Court may ignore the omission and proceed to determine whether a substantial question has been raised. In the case *sub judice*, we decline to examine whether, or not, Appellant raised a substantial question because Appellant waived his challenge to the discretionary aspects of his sentence as discussed *supra*.

Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 04/15/2024