J-S09009-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
:                PENNSYLVANIA
:
v.                                :
:
:
MICHAEL VAUGHN GRAVES        :
:
Appellant        :        No. 1374 EDA 2023

Appeal from the Judgment of Sentence Entered January 4, 2023
In the Court of Common Pleas of Northampton County
Criminal Division at No(s):  CP-48-CR-0001389-2021

BEFORE:  PANELLA, P.J.E., NICHOLS, J., and BECK, J.

MEMORANDUM BY PANELLA, P.J.E.:                **FILED JUNE 11, 2024**

Michael Vaughn Graves appeals from the judgment of sentence entered following his conviction of attempted homicide causing serious bodily injury, which stemmed from Graves stabbing his wife ("Victim") multiple times in front of one of her children.[1] We affirm.

The trial court summarized the history of this case as follows:

> On August 24, 2022, [Graves] entered an open guilty plea to the charge of attempted homicide causing serious bodily injury, a felony of the first degree, with the deadly weapon used enhancement for purposes of the sentencing guidelines.
>
> At the time of his plea, [Graves] admitted that on the evening of March 17, 2021, he stabbed his wife in her left side, her neck, and her back. The victim ultimately survived but sustained significant injuries to her colon, pancreas, adrenal gland, left lung, and neck. As a result, she has undergone multiple surgeries.

---

[1] 18 Pa.C.S.A. §§ 901 and 2702(a).

The court ordered a pre-sentence investigation and scheduled sentencing for October 19, 2022. The sentencing was later continued to January 4, 2023. Prior to that date, the court received and reviewed a presentence investigation report, as well as letters from and on behalf of [Graves].

On January 4, 2023, [Graves] appeared before the court for sentencing. The sentencing guidelines were ninety to 240 months in the standard range and seventy-eight months in the mitigated range. [Graves] was sentenced to 228 months to forty years in state prison. This sentence was within the standard range under the sentencing guidelines.

On January 12, 2023, [Graves] filed a Petition for Reconsideration of Sentence, which was denied on May 11, 2023. [Graves] filed an appeal to the Superior Court on May 24, 2023.

Trial Court Opinion, 7/6/23, at 1-2 (citations omitted).

Graves raises the following issue challenging the discretionary aspects of his sentence:

Did the Trial Court err when it imposed a sentence inconsistent with the Sentencing Code and/or contrary to the fundamental norms which underlie the sentencing procedure, in that said sentence constituted an abuse of discretion because the sentence imposed represented an unreasonable and excessive sentence which failed to consider mitigating factors[?]

Appellant's Brief at 6.

Graves argues the trial court abused its discretion in fashioning his sentence. *See id.* at 15-20. In essence, Graves alleges the trial court ignored the mitigating factors of his alcohol addiction, mental health issues, and attendant rehabilitative needs. Therefore, he contends the trial court abused its discretion in failing to consider pertinent factors when creating his sentence.

Our standard of review is one of abuse of discretion. "Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." **Commonwealth v. Shugars**, 895 A.2d 1270, 1275 (Pa. Super. 2006) (citation omitted).

It is well settled "there is no absolute right to appeal the discretionary aspects of a sentence." **Commonwealth v. Hartle**, 894 A.2d 800, 805 (Pa. Super. 2006) (citation omitted). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. **See Commonwealth v. W.H.M.**, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in **Commonwealth v. Moury**, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Moury**, 992 A.2d at 170 (case citation and brackets omitted).

Here, the first three requirements of the four-part test are met. Graves brought an appropriate appeal, raised the issue in a post-sentence motion, and included in his appellate brief a concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). We next consider whether he has raised a substantial question requiring us to review the discretionary aspects of the sentence imposed.

Whether a particular issue constitutes a substantial question about the appropriateness of sentence is a question to be evaluated on a case-by-case basis. *See Commonwealth v. Kenner*, 784 A.2d 808, 811 (Pa. Super. 2001). As to what constitutes a substantial question, "[this Court does] not accept bald assertions of sentencing errors." *Commonwealth v. Malovich*, 903 A.2d 1247, 1252 (Pa. Super. 2006) (citation omitted). Rather, an "appellant must show actions by the trial court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process." *Commonwealth v. Ferguson*, 893 A.2d 735, 737 (Pa. Super. 2006) (citation omitted).

Graves argues the trial court abused its discretion by failing to consider mitigating factors pertaining to his addiction and need for rehabilitation. *See* Appellant's Brief, at 11-14. His claim includes an allegation that the trial court "failed to adequately consider mitigating factors, such as [his] history [of] mental illness, lack of prior record, and his community ties." *Id*. at 13. This Court has found a substantial question exists where there is an allegation that

the sentencing court failed to consider the factors set forth in 42 Pa.C.S.A. § 9721(b).[2] *See Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006) (concluding that the appellant raised a substantial question where it was alleged that the trial court failed to properly consider the factors set forth in 42 Pa.C.S.A. § 9721(b)). Therefore, Graves has raised a substantial question. Accordingly, we grant permission to appeal and proceed to review the merits of this sentencing claim.

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Bankes*, 286 A.3d 1302, 1307 (Pa. Super. 2022) (citation omitted). "In this context, an abuse of discretion is not shown merely by an error in judgment." *Id*. (citation omitted). Rather, "[an] appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived at a manifestly unreasonable decision." *Id*. (citation omitted).

The sentencing judge has broad discretion in determining the proper penalty, and this Court accords the sentencing court great deference, as it is in the best position "to view the defendant's character, displays of remorse,

_____

[2] The factors to be considered under 42 Pa.C.S.A. § 9721(b) include: the protection of the public, the gravity of the offense in relation to the impact on the victim and community, and the rehabilitative needs of the defendant. *See* 42 Pa.C.S.A. § 9721(b).

- 5 -

defiance or indifference and the overall effect and nature of the crime."
***Commonwealth v. Walls***, 926 A.2d 957, 961 (Pa. 2007) (citation omitted).
As we have stated, "a court is required to consider the particular
circumstances of the offense and the character of the defendant."
***Commonwealth v. Griffin***, 804 A.2d 1, 10 (Pa. Super. 2002) (citation
omitted). "In particular, the court should refer to the defendant's prior criminal
record, his age, personal characteristics and his potential for rehabilitation."
***Id***. (citation omitted).

In addition, "[o]ur Supreme Court has determined that where the trial
court is informed by a pre-sentence report, it is presumed that the court is
aware of all appropriate sentencing factors and considerations, and that where
the court has been so informed, its discretion should not be disturbed."
***Commonwealth v. Ventura***, 975 A.2d 1128, 1135 (Pa. Super. 2009)
(citation omitted).

Graves asserts that, in fashioning a sentence that he claims was
unreasonable, the court failed to properly consider his personal circumstances.
***See*** Appellant's Brief at 15-21. Graves contends the trial court did not
appropriately consider that he overcame his difficult upbringing, which he
managed to surmount to become gainfully employed as a corrections officer.
***See id***. at 19. He further highlights his battles with alcohol use, sobriety, and
mental health issues including schizoaffective disorder. ***See id***. at 20. Graves
summarizes his life stating, "Despite [his] horrible and traumatic upbringing,

in and out of foster care, he was gainfully employed, has two children he took care of prior to incarceration, and sought help when he needed it for his addiction issues." *Id*.

Our review of the record reflects that, after the sentencing court acknowledged that it reviewed a presentence report and took a recess to review a psychological evaluation, it received evidence presented by the parties. Specifically, the court heard victim impact statements from Victim's mother, Victim's two minor daughters, and from Victim herself. *See* N.T., 1/4/23, at 4-16. In addition, the sentencing court heard from Graves's attorney regarding mitigating circumstances pertaining to Graves's character and multiple issues, including addiction and mental health concerns. *See id*. at 18-20. Particularly, counsel requested that the court "look at [Graves's] whole early life." *Id*. at 18. The sentencing court then listened to the Commonwealth's summation of the impact the crime had upon Victim and the entire family and the fact that Graves took little responsibility for his actions. *See id*. at 20-26. Finally, the sentencing court heard Graves's allocution, during which Graves revisited the tragic circumstances of his life and expressed remorse for stabbing Victim. *See id*. at 26-28.

The sentencing court made the following statements, which demonstrated an understanding of the relevant factors surrounding Graves's sentence:

> It's a sad case because when I read through your history I'm surprised that you don't have a rap sheet. Somebody with

- 7 -

your background, you overcame a lot and you achieved a lot. You let drugs and alcohol get the best of you, especially alcohol, a combination of steroids, mental health conditions. But I mean what you went through in your upbringing is -- like I said, I'm surprised that this is your first criminal offense, to be honest with you.

\* \* \*

It's just, you know, a lot of your materials that you presented, Dr. Datillio's report, the pre-sentence investigation report, all of that are explanations for why this happened but they are not excuses. That's the sad part of this. I mean it explains a lot of why this happened. When you said you were living a double life, I guess she didn't know the extent of your drinking. …

\* \* \*

… I can see why you turned to alcohol to medicate yourself, because of your upbringing. I mean what happened to you is also inexcusable, but I have to weigh everything in a case like this. I have to weigh the seriousness of the offense, deterrence, your background, the mitigating factors, the effect on the victim, and everything else that goes with that. And so I think that the most -- I mean seriously, this should be a first degree murder case. It's a miracle that she survived. And the penalty for first degree murder is either the death penalty or life in prison. You were lucky that she survived because this easily could have been a murder.

N.T., 1/4/23, at 28-31.

In summary, our review of the record reflects, and it is undisputed that, the trial court reviewed a presentence report, received testimony, and considered argument from counsel. In addition, the trial court heard Graves's allocution explaining his personal struggles with alcohol and mental illness. Because the trial court was fully informed and relied upon the presentence report, which further evinced an understanding of the relevant factors surrounding Graves's sentence, we conclude the trial court did not abuse its

discretion in creating the instant sentence. ***See Ventura***, 975 A.2d at 1133. Accordingly, Graves's claim that the trial court abused its discretion by failing to consider appropriate factors in imposing his sentence lacks merit. Based on the foregoing, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/11/2024